■ In the Matter of GEORGE B. (ANONYMOUS), Appellant.— Appeal from an order of the Family Court, Kings County, dated August 27, 1973, which adjudged appellant a juvenile delinquent and placed him on probation. Order reversed, on the law, without costs, and petition dismissed. The petition alleged that appellant, while acting in concert with six others, struck the complainant with a lead pipe, causing serious injury and requiring 20 stitches. The petition further recounted that "when apprehended, he did resist arrest." These acts were claimed to be the crimes, if committed by an adult, of assault, possession of a weapon and resisting arrest. After a fact-finding hearing, the charges of assault and possession of a weapon were dismissed, but appellant was found to have resisted arrest. However, both the order made after the fact-finding hearing and the order of disposition (the appeal is from the latter order) erroneously recite that appellant committed the act of "assault". Since the charge of assault and that of possession of a weapon were dismissed and appellant was found guilty only of resisting arrest, the two orders would have to be amended to correct that error if we were not reversing the latter order and dismissing the petition. An altercation arose at petitioner's candy store in which appellant and others took part. Subsequently, while appellant was seated on a schoolyard bench with a large group of boys, an unmarked police car approached. When the car was approximately 3 to 10 feet away, a plain clothes, hippy-garbed policeman alighted and explained, "Hold it, Police Officer." He allegedly exhibited his police shield, which was hanging around his neck. Appellant ran and the officer gave chase. The boy was caught about 50 yards away by another officer, who arrested and handcuffed him. No resistance was made when he was caught. Another boy, present in the schoolyard, testified that, as the unmarked car arrived, appellant exclaimed, "They got me." It is undisputed that no arrest was made before the boy ran. Nor was any statement made or sign given by the police that more than an investigation was in progress. One cannot be convicted of resisting arrest unless an arrest is made or is

attempted or unless an indication is given that an arrest is to be made. A juvenile does not commit such an act by running from a policeman. More is required. There must be an arrest or an attempted arrest. There is no testimony, in this record, to support a finding that an arrest was made or intended until appellant was caught after the chase. The exhibition of the badge and the identification of the officer are not synonymous with an arrest (cf. *People* v. *Cherry*, 307 N. Y. 308). Martuscello, Acting P. J., Latham, Christ, Benjamin and Munder, JJ., concur.