THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SAITTA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 12, 1980, convicting him of endangering the welfare of a child (four counts), unlawful imprisonment in the second degree, and resisting arrest, upon a jury verdict, and imposing one-year sentences of imprisonment upon each conviction (the sentences for endangering the welfare of a child and unlawful imprisonment were to run concurrently and the sentence for resisting arrest was to run consecutively to the concurrent sentences). Judgment modified, (1) on the law, by reversing the conviction for resisting arrest, and the sentence imposed thereon, and the said count is dismissed, and (2) as a matter of discretion in the interest of justice, by reducing the remaining sentences imposed to concurrent periods of probation for three years each. As so modified, judgment affirmed and case remitted to Criminal Term to fix the conditions of probation, which shall include appropriate conditions for psychiatric counseling, and for further proceedings pursuant to CPL 460.50 (subd 5). According to the testimony of the arresting officer, defendant was not informed of the reason for the officer's presence or of the fact that he was under arrest during the period in which the police were subduing him. "One cannot be convicted of resisting arrest unless an arrest is made or is

attempted or unless an indication is given that an arrest is to be made" *(Matter of B.,* 45 AD2d 724, 725). Thus, without being aware of the fact that he was being arrested, defendant could not have intentionally resisted arrest (see Penal Law, § 205.30; cf. *People v Stevenson,* 31 NY2d 108) and, therefore, the conviction on that charge must be reversed. As to the sentences imposed upon the remaining charges, defendant should have been sentenced to periods of probation rather than incarceration. We have considered defendant's other arguments and find them to be without merit. Titone, J. P., Gulotta and Margett, JJ., concur.

Gibbons, J., concurs with so much of the modification as (1) reverses defendant's conviction for resisting arrest, and the sentence imposed thereon, and dismisses that count, and (2) affirms the convictions of endangering the welfare of a child (four counts) and unlawful imprisonment in the second degree, but otherwise dissents and votes to affirm as to the sentences imposed upon those convictions.