■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MYSTY SIMARTIN, Also Known as WALTER MARTIN, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rubin, J.), rendered November 10, 1982, convicting him of criminal possession of a weapon in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in failing to instruct the jury on the concept of innocent possession of a weapon is without merit. As the defendant neither requested such a charge at trial nor objected to the court's failure to issue one, the issue is not preserved for our review. In any event, the record is devoid of evidence of possible innocent possession of the weapon by the defendant *(cf., People v Williams,* 50 NY2d 1043; *People v Valentine,* 54 AD2d 568).

The defendant's argument that the court erred in failing to charge the jury that in order to be convicted of resisting arrest, he had to know he was being arrested is without merit. It strains credulity to accept that under the facts and circumstances of this case the defendant could not have known he was being arrested. As the defendant, with a gun in his hand, was struggling with another individual, a uniformed police officer yelled, "Police" from a short distance and then seized the defendant who then struggled with the officer. Even if one examines the evidence presented at trial in the light most favorable to the defendant, it does not support an inference that the defendant was unaware he was being arrested *(cf., People v Saitta,* 79 AD2d 994).

Finally, the defendant's claims concerning the prosecutor's summation are unpreserved for appellate review *(see, People v Jones,* 81 AD2d 22, 29), and in any event, the comments in issue did not deprive him of a fair trial *(see, People v Ashwal,* 39 NY2d 105; *People v Jalah,* 107 AD2d 762). Mangano, J. P., Bracken, Eiber and Kunzeman, JJ., concur.