■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE O'QUINN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered September 14, 1987, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was convicted of assault in the second degree arising out of an incident on February 21, 1987 while he was an inmate at Elmira Correctional Facility in Chemung County during which he stabbed a correction officer with a pen. Defendant contended that he acted in self-defense by swinging out with a pen when at least three correction officers entered his cell and repeatedly struck him with batons.

Defendant initially argues that error resulted from an improper remark by the prosecutor during summation. We disagree. The challenged words were: "First of all credibility. * * * Who are you going to believe in this case? *It is absolutely black and white.* It is either the guards did what they said they did or what [defendant] said that the guards did to him" (emphasis supplied). There is no indication that the

remark contained racial overtones or was directed to anything other than the issue of credibility. Nor do we find merit in defendant's contention that he was denied effective assistance of counsel. The record shows that counsel made numerous appropriate and significant pretrial motions, vigorously participated in examination and cross-examination of witnesses, registered proper objections, made motions to dismiss and for a mistrial, made requests to charge and gave a meaningful summation. His opinion that evidence of alleged unrelated assaults on other inmates was irrelevant cannot be condemned. Simply stated, the record shows that defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137; *People v Droz,* 39 NY2d 457).

Defendant's contention that the evidence failed to prove the victim sustained physical injury, as required by Penal Law § 120.05 (7), is unpersuasive. The correction officer testified that he received two puncture wounds to his back, one to his abdomen and two on his arm, for which he sought medical treatment at a hospital and which caused pain thereafter which disabled him from certain activities. We conclude that the evidence of physical injury was sufficient to raise a question of fact for the jury's determination *(see, People v Williams,* 112 AD2d 176, 177; *People v Fasano,* 112 AD2d 791, 792; *see also, People v Williams,* 127 AD2d 718, *lv denied* 69 NY2d 1011; *People v Naylor,* 120 AD2d 940, *lv denied* 69 NY2d 714).

We have considered defendant's remaining contentions and find them to be without merit.

Judgment affirmed. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.