■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY N. MATUREVITZ, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment, following a jury verdict, convicting him of assault in the second degree, petit larceny, possession of burglar tools and resisting arrest. The only issues raised on appeal are the sufficiency of the evidence to support the conviction for resisting arrest and whether the People established an "impairment of physical condition" to support the physical injury element of the assault conviction.

To support a conviction for resisting arrest, it is not necessary that the person be informed verbally that he is being arrested; it is sufficient that such knowledge be inferable from the facts and circumstances (People v SiMartin, 135 AD2d 591, lv denied 71 NY2d 1029). Here, a uniformed officer exited from a marked patrol car, drew his gun, and ordered defendant to raise his hands and turn and face the store window.

Clearly, defendant was aware that he was being arrested, and evidence regarding his subsequent conduct, viewed in the light most favorable to the People, was legally sufficient to support the conviction for resisting arrest.

Whether the element of physical injury necessary to support a conviction of assault in the second degree has been proven is generally a question of fact (see, Matter of Philip A., 49 NY2d 198). The police officer suffered bites on both his hands and a back strain caused during the struggle which ensued after defendant lunged at the officer. The officer was treated at a hospital emergency room for puncture wounds on his hand and for a back sprain. Because he continued to experience back pain, the officer was examined by a chiropractor, who determined that the officer had suffered a lumbar sprain and had a slight restriction in bending and who recommended bed rest for a period of one week. This evidence constituted proof of an "impairment of physical condition" (Penal Law § 10.00 [9]) and was legally sufficient to support the assault conviction (see, People v Williams, 147 AD2d 960; People v Williams, 112 AD2d 176). (Appeal from judgment of Cayuga County Court, Corning J.—assault, second degree, and other charges.) Present—Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.