■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY McEACHIN, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Chemung County (Castellino,

J.), rendered August 18, 1989, upon a verdict convicting defendant of the crimes of assault in the second degree and promoting prison contraband in the first degree.

Defendant, who was incarcerated at Elmira Correctional Facility in Chemung County, was charged with assault in the second degree and promoting prison contraband in the first degree for the stabbing of another inmate on Christmas morning 1988. He was convicted as charged following a jury trial. He was sentenced as a second felony offender to concurrent prison terms of 3½ to 7 years on the assault conviction and 2 to 4 years on the contraband conviction, these sentences to run consecutive to any time previously imposed. Defendant now appeals.

Defendant argues that his right to due process was denied because he was tried while in restraints and the prosecution made improper remarks during summation. Our review of the record reveals that no objection was made to any of these claimed errors so that they are not preserved for appellate review. In any event, we find no reason to invoke our discretion and reverse in the interest of justice on any of these grounds (see, CPL 470.15 [6] [a]). Defendant's conduct in County Court prior to the commencement of trial indicated that he was unruly and potentially a risk so that the use of restraints does not require our intervention, especially in light of proper limiting instructions to the jury (see, *People v Greiner,* 156 AD2d 813, *lv denied* 75 NY2d 919). Indeed, defendant all but invited the court to bind and gag him. As to the prosecutor's alleged improper comments, we do not find them sufficiently prejudicial or improper as to warrant reversal in the interest of justice.

Defendant also argues that there was insufficient evidence of physical injury to support the assault in the second degree conviction. The proof at trial established that the victim bled from his neck, felt pain for a couple of days, required medical attention and was scarred by the puncture wound. We believe that this proof was more than sufficient to allow the jury to decide whether the victim suffered "substantial pain" or "impairment of physical condition" constituting a physical injury (see, Penal Law § 10.00 [9]) as required for conviction of assault in the second degree under Penal Law § 120.05 (2) (see, e.g., *People v Winslow,* 153 AD2d 965, 967; *People v O'Quinn,* 147 AD2d 736, 737).

Also contrary to defendant's contention, there was sufficient other evidence to support the conviction. Defendant argues essentially that the victim was not believable but that his

witnesses were. Any contradictions presented in the testimony by these witnesses merely raised questions of fact for the jury to resolve (see, People v Kinsman, 144 AD2d 772, 773, lv denied 73 NY2d 1017). The victim's testimony, describing the stabbing by defendant and a subsequent apology by defendant for the stabbing, presents sufficient evidence to support the conviction.

Finally, we find no merit to defendant's contention that he was provided inadequate assistance of counsel. Considering that he knowingly, voluntarily and intelligently rejected assignment of counsel and acted pro se, defendant cannot now complain about his choice to exercise his constitutional right to represent himself (see, e.g., People v Vivenzio, 62 NY2d 775, 776).

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.