■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IDREES ABDUL KARIM, Also Known as HARRIS ENOCH, Appellant.—Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered June 6, 1989, convicting defendant after jury trial of criminal possession of a weapon in the third degree and resisting arrest, and sentencing him as a second felony offender to concurrent terms of imprisonment of three and one-half to seven years, and one year, respectively, unanimously affirmed.

Evidence adduced at trial indicated that two uniformed officers responded to a radio run of "shots fired" in the vicinity of Belmont and Crescent Avenues, in a marked police car, with turret lights flashing and siren sounding. When they approached defendant and ordered him to relinquish the pistol readily observed in his possession, defendant resisted, falsely claimed that he was a detective, and then struggled with the officers as they attempted to recover the gun and place handcuffs on him. In these circumstances, it would strain credulity to accept defendant's assertion that he could not know that police officers were attempting to arrest him *(see, e.g., People v SiMartin,* 135 AD2d 591, *lv denied sub nom. People v Martin,* 71 NY2d 1029), and it is clear that the jury's determination of defendant's guilt of resisting arrest was amply supported by the evidence, which was given appropriate weight by the jury *(see, People v Bleakley,* 69 NY2d 490).

Likewise without merit is defendant's claim that the trial court erred in denying defendant's request for a temporary lawful possession charge. Such a charge is appropriate only where the evidence indicates a transitory lawful possession, and no use of the weapon in a dangerous manner *(see, People v Williams,* 50 NY2d 1043). Here, overwhelming evidence indicated that defendant, armed with a loaded pistol, engaged in an argument with the complainant that elevated into a wrestling match. During this struggle, the gun discharged three times and defendant admitted to the police that he had intentionally fired the gun twice, to frighten the complainant. There is no possible view of the evidence that would support a charge of temporary lawful possession of the pistol, and the trial court properly refused defendant's request therefor *(People v Williams, supra,* at 1045). Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.