■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL D'MECCA, Also Known as EMMANUEL D'MEZA, Appellant.—Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered February 15, 1991, convicting defendant after a jury trial of two counts of robbery in the

first degree and criminal possession of a weapon in the second degree, and sentencing him as a second felony offender to two concurrent terms of nine to eighteen years on each robbery count, to run concurrently with a term of six to twelve years on the weapon count, unanimously affirmed.

The trial court did not err in refusing to charge robbery in the third degree as a lesser included offense to robbery in the first degree since there was no reasonable view of the evidence that defendant committed the lesser offense but not the greater (see, People v Glover, 57 NY2d 61, 63-64). Evidence at trial clearly established that defendant was armed with a deadly weapon and displayed a firearm for purposes of Penal Law § 160.15 (2) and (4).

Similarly, defendant's claim that the trial court erred in denying his request for a temporary lawful possession charge is without merit. This charge may be given "only where the evidence indicates a transitory lawful possession, and no use of the weapon in a dangerous manner" (People v Karim, 176 AD2d 670, 671, lv denied 79 NY2d 859). The evidence overwhelmingly indicated that defendant used the gun to rob his victim and to threaten the crowd and the police who followed him after the robbery occurred. Thus, there is no reasonable view of the evidence which could lead a jury to find that the weapon had not been used in a dangerous manner. Concur—Wallach, J. P., Kupferman, Kassal and Rubin, JJ.