■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNET JEAN CAIDOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (LeVine, J.), rendered October 22, 1990, convicting him of resisting arrest and exceeding the maximum speed limit, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted for assault, resisting arrest, and exceeding the maximum speed limit and ultimately was convicted of exceeding the maximum speed limit and resisting arrest. The defendant argues that his conviction for resisting arrest must be vacated because the trial court charged the jury that it must find that the defendant was arrested for the "predicate" offense of speeding, whereas the arresting officer testified that the defendant was arrested for disorderly conduct. Therefore, the defendant contends that because there is no testimony that he was informed that he was being arrested for speeding, he could not form the requisite intent to resist arrest and the evidence was not legally sufficient to sustain his conviction of resisting arrest.

Under Penal Law § 205.30, a person is guilty of resisting arrest when he or she "intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person". In the instant case, contrary to the defendant's assertions, the trial court did not charge the jury that it had to find that the defendant

knew he was being arrested for speeding. Further, the defendant's contention that the People must prove and the court charge that the defendant was aware of the exact crime for which he was being arrested in order to sustain a conviction is without merit. Indeed, the People need only prove that the defendant was aware he was being lawfully arrested (see, *People v Peacock*, 68 NY2d 675; *People v Stevenson*, 31 NY2d 108). Here, the arresting officer testified that he told the defendant that he was under arrest before the defendant resisted and the officer's testimony is supported by the record (see, *People v SiMartin*, 135 AD2d 591; *People v Maturevitz*, 149 AD2d 908). Viewing the evidence in the light most favorable to the People (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of resisting arrest. Moreover, upon exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The sentence was neither harsh nor excessive (see, *People v Suitte*, 90 AD2d 80). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.