■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY GRAY, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered July 10, 1991, upon a verdict convicting defendant of the crimes of assault in the second degree (two counts), criminal possession of a weapon in the third degree, assault in the third degree and resisting arrest.

In August 1990, a Grand Jury handed down a multicount indictment against defendant as a result of events which occurred on July 15, 1990 at defendant's apartment on State Street in the City of Albany. At approximately 4:00 A.M. on that date, Albany Police Officers Michael Parsons and Thomas McGraw arrived at the apartment in response to complaints of a possible domestic dispute. Upon their arrival, they viewed defendant's girlfriend, Lois Ivery, bleeding from the mouth as a result of being hit by defendant. Although Ivery did not want to press charges, the officers attempted to convince her to leave the premises. At one point defendant threatened to kill himself, Ivery and the officers and went to the kitchen to retrieve a 12-inch butcher knife. After first brandishing the knife at Ivery, a struggle ensued when the officers attempted to restrain him. The officers ordered defendant to drop the knife but, instead, he slashed at them repeatedly until he was finally subdued. As a result of this struggle, both Parsons and McGraw sustained several injuries including lacerations and puncture wounds.

Following a jury trial, defendant was convicted of two counts of assault in the second degree for the attack on the officers, one count of criminal possession of a weapon in the third degree, one count of assault in the third degree for the attack on Ivery and one count of resisting arrest. Defendant's motion to set aside the verdict was denied and defendant was sentenced to prison terms of 2⅓ to 7 years for the assault in the second degree and criminal possession of a weapon convictions. However, the sentence for the weapons conviction was to run consecutively to the sentences for the assault in the second degree convictions, which were to run concurrently to each other. Defendant was also sentenced to concurrent one-year jail terms for the assault in the third degree and resisting arrest convictions. This appeal by defendant followed.

Initially, we disagree with defendant's contention that the People failed to establish each and every element of the crime of resisting arrest at trial. Defendant argues that he was allegedly not informed by Parsons and McGraw that he was going to be arrested and, therefore, his conviction cannot

stand. His arguments lack merit. Significantly, it was not necessary that defendant be specifically informed that he was to be arrested in order for a resisting arrest conviction to stand; it is sufficient that such knowledge was inferable from the surrounding facts and circumstances *(see, People v Maturevitz,* 149 AD2d 908). Here, even viewing the evidence in the light most favorable to defendant *(see, People v SiMartin,* 135 AD2d 591, *lv denied* 71 NY2d 1033), it is impossible to believe that defendant did not know that the police would attempt an arrest *(see, supra; see also, People v Karim,* 176 AD2d 670, 671, *lv denied* 79 NY2d 859).

It is clear that the police officers arrived at defendant's apartment in the midst of a major altercation in which defendant inflicted visible injuries on Ivery. Although defendant denied fighting with the officers, he admitted that he got "down on the floor" right after the officers allegedly told him to do so. It was at that point that defendant reportedly began "thinking what are they arresting me for". These admissions and circumstances, coupled with the fact that defendant was unquestionably wielding a 12-inch butcher knife, should have led defendant to infer that he would be arrested *(see, People v Karim, supra; People v Maturevitz, supra).* Consequently, the resisting arrest conviction was properly proven.

Next, we reject defendant's contention that the evidence failed to prove that Parsons and McGraw each suffered a "physical injury" (Penal Law § 10.00 [9]) as required by Penal Law § 120.05 (3) in order for defendant to be found guilty of assault in the second degree. As demonstrated at trial, McGraw suffered lacerations on an arm, cuts on a hand and arm and a bruised right eye and left leg. Parsons suffered puncture wounds on his right arm and thumb, abrasions and a bruised shoulder. Both officers received medical attention. While defendant is correct in noting that the officers' injuries did not appear to be extensive, we find the proof to have been sufficient to allow the jury to decide whether the officers suffered "substantial pain" or "impairment of physical condition" to qualify as a "physical injury" as defined in Penal Law § 10.00 (9) *(see, e.g., People v McEachin,* 166 AD2d 814, 815, *lv denied* 76 NY2d 1023; *People v Winslow,* 153 AD2d 965, 967; *People v O'Quinn,* 147 AD2d 736, 737).

As a final matter, we reject defendant's contention that his sentence was harsh and excessive. We find no reason to disturb the restricted sentences imposed by County Court for defendant's crimes given the circumstances here and the recommendations contained in the presentence report.

Weiss, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.