■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOELIA MAYI, Appellant. [605 NYS2d 909] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered September 10, 1991, convicting her of resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of resisting arrest beyond a reasonable doubt, notwithstanding the defendant's acquittal of all other charges under the indictment *(see, People v SiMartin,* 135 AD2d 591; *People v Maturevitz,* 149 AD2d 908; *cf., People*

*v Saitta,* 79 AD2d 994; *see also, People v Peacock,* 68 NY2d 675; *People v Collins,* 178 AD2d 789; *People v Williams,* 25 NY2d 86; *People v Bertino,* 93 AD2d 972).

The defendant's contention that the court improperly admitted testimony as to a statement she had uttered during the incident in question because she was not provided with written notice of the prosecution's intent to use such statement at trial is without merit *(see,* CPL 710.30 [1] [a]; *People v Greer,* 42 NY2d 170; *People v Wells,* 133 AD2d 385; *see also, People v Kimbell,* 169 AD2d 880; *People v Stewart,* 160 AD2d 966).

We have examined the defendant's remaining contention and find it to be without merit. Mangano, P. J., Thompson, Sullivan and Ritter, JJ., concur.