■ In the Matter of JOSE M., Appellant. [619 NYS2d 349] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Dutchess County (Amodeo, J.), entered December 16, 1993, which, upon a fact-finding order of the same court, dated December 15, 1993, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of obstructing governmental administration in the second degree and resisting arrest, adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth, Title III, for a period not to exceed one year. The appeal brings up for review the fact-finding order dated December 15, 1993.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The evidence adduced at the fact-finding hearing established that on November 27, 1993, at 11:50 A.M., City of Beacon Police Officer Jose Rios was responding to a report that a

female was calling for help from a building at 493 Main Street in Beacon. As Officer Rios exited his marked patrol car and entered the building, the 15-year old appellant ran out of the doorway, and pushed past the officer by striking him with both hands in the chest. Rios ordered the appellant to stop, but when he refused to do so, Rios grabbed his sweatshirt and a struggle ensued.

Viewing the evidence adduced at the hearing in the light most favorable to the presentment agency, we find that it was legally sufficient to establish the appellant's guilt of resisting arrest beyond a reasonable doubt (see, People v Contes, 60 NY2d 620; Matter of Jamal V., 159 AD2d 507, 508). The record supports the Family Court's conclusion that the appellant consciously resisted arrest and obstructed governmental administration when he committed the offense of harassment by striking a person whom he knew to be a police officer as the latter entered a building to investigate a call for help, and then by punching and kicking the officer, who had ordered him to stop (see, People v Karim, 176 AD2d 670, 671; People v Maturevitz, 149 AD2d 908; People v SiMartin, 135 AD2d 591). In addition, the offense of harassment, committed by the appellant in the officer's presence and indeed upon the officer himself, gave the officer ample probable cause to arrest the appellant (see, e.g., People v Knox, 38 NY2d 865).

The Family Court did not improvidently exercise its discretion in placing the appellant in a secure facility for up to 12 months. In doing so, the court properly considered the appellant's extensive criminal history, his pattern of aggressive and violent behavior, his flight from a less-secure facility in the past, and his current urgent need for a structured environment, including educational tutoring and drug rehabilitation —as well as the community's need for protection against him (see, Matter of James D., 184 AD2d 769; Matter of Douglas R. S., 123 AD2d 868; see also, Matter of Katherine W., 62 NY2d 947; Family Ct Act § 352.2 [2] [a]). Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.