■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MARTIN, Appellant. [635 NYS2d 246] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered November 14, 1994, convicting him of resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the People presented evidence that, early in the evening of January 8, 1994, on a Brooklyn street corner, three plain-clothes police officers with the Street Crime Unit, saw the defendant in possession of a sawed-off shotgun. The defendant was engaged in an argument with some bystanders. The officers attempted to arrest the defendant and a struggle ensued.

The defendant was charged with criminal possession of a weapon in the second and third degrees and resisting arrest. After a jury trial, he was acquitted of the weapons possession charges, but convicted of resisting arrest. We affirm.

The defendant's claim that the evidence was not legally sufficient to establish his guilt of resisting arrest is not preserved for appellate review (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858; People v Gomez, 67 NY2d 843). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally

sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the evidence established that the police had probable cause to arrest him *(see, People v Williams,* 25 NY2d 86). In addition, the defendant's acquittal on the weapons possession charges did not preclude a conviction for resisting arrest *(see, People v Williams, supra).* Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.