■ In the Matter of GIOVANNI P., a Person Alleged to be a Juvenile Delinquent, Appellant. [654 NYS2d 571] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Fitzmaurice, J.), dated March 28, 1995, which, upon a fact-finding order of the same court, dated July 18, 1994, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of obstructing governmental administration in the second degree, adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth for a period not to exceed one year. The appeal brings up for review the fact-finding order dated July 18, 1994.

Ordered that the order of disposition is modified, on the law, by deleting therefrom the words "resisting arrest", and substituting therefor the words "obstructing governmental administration in the second degree"; as so modified, the order of disposition is affirmed, without costs or disbursements.

Initially, we note that the order of disposition incorrectly states that the appellant was found to have committed acts constituting the crime of resisting arrest, when he was actually found to have committed acts constituting the crime of obstructing governmental administration in the second degree. Accordingly, the order of disposition is modified to correct that error.

Viewing the evidence adduced at the hearing in the light most favorable to the presentment agency (*see, People v Contes*, 60 NY2d 620; *Matter of Richard W.*, 225 AD2d 701), we find that it was legally sufficient to establish the appellant's guilt of obstructing governmental administration in the second degree beyond a reasonable doubt (*see, Matter of Jose M.*, 210 AD2d 228). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (*cf.*, CPL 470.15 [5]).

The appellant's challenge of the severity of the placement order is academic (*see, Matter of Greg W.*, 213 AD2d 414), and, in any event, without merit.

We have considered the appellant's remaining contentions and find them to be without merit. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.