OPINION OF THE COURT
Arthur M. Schack, J.
facts
On March 10, 1999, the defendant, Moustapha Mohamadou, was charged and arrested for violating Transit Authority Rules § 1050.4 (c) (illegal access to Transit Authority services) and Penal Law § 205.30 (resisting arrest). Police Officer Mark *78 Reichel observed the defendant hand another person a New York City (NYC) Transit Authority token in exchange for cash. When defendant was apprehended by the arresting officer, he allegedly flailed his arms which prevented the officer from effecting the authorized arrest. Defendant was arraigned on March 11, 1999 and the case was adjourned to Part AP-9 on April 22, 1999 for motions. Defendant moved to dismiss the Transit Authority rule, claiming it was unconstitutional and decision was reserved. By decision dated June 29, 1999, Judge Ann Pfau ruled that Transit Authority Rules § 1050.4 (c) is vague and unconstitutional on its face.
The issue before this court is one of first impression. This court must determine whether the charge of resisting arrest is valid when a police officer made an authorized arrest even though subsequent to the arrest the underlying statute has been deemed unconstitutional. This court holds that the charge of resisting arrest is valid since the police effected an “authorized arrest” at the time of the arrest. Although this case revolves around a mere token, the underlying constitutional issues which arise make this more than just a token decision.
DISCUSSION
Authorized Arrest
Penal Law § 205.30 provides that “[a] person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.” Case law stresses the requirement of an “authorized arrest.”
In People v Martin (222 AD2d 528 [2d Dept 1995]), three NYC. plain-clothes police officers with the Street Crimes Unit, saw the defendant in possession of a sawed-off shotgun. The defendant was engaged in an argument with some bystanders. The officers attempted to arrest the defendant and a struggle ensued. The defendant was charged with criminal possession of a weapon in the second and third degrees and resisting arrest. After a jury trial, he was acquitted of the weapons possession charges, but convicted of resisting arrest. Martin clearly stands for the notion that the crime of resisting arrest is independent of its underlying crime. Dismissal of the underlying crime does not necessarily warrant preclusion of the crime of resisting arrest.
In People v Thomas (239 AD2d 246 [1st Dept 1997]), defendant was properly convicted of resisting arrest notwithstand *79 ing that he was acquitted of all other charges (People v Martin, 222 AD2d 528, lv denied 88 NY2d 850, supra; People v Mayi, 198 AD2d 444) and was never charged with the particular offenses for which he was being arrested at the time he resisted arrest (Matter of James T., 189 AD2d 580). Ample evidence demonstrated that defendant resisted an authorized arrest. The first officer present, who was clearly in possession of probable cause, was not required to communicate anything to his fellow officers beyond a simple direction to arrest since “an arresting officer is deemed to act with probable cause when making an arrest at the direction of another law enforcement officer who has the requisite probable cause.” (People v Rosario, 78 NY2d 583, 588, cert denied 502 US 1109.)
In People v Voliton (83 NY2d 192), the Court of Appeals affirmed the Appellate Division (190 AD2d 764, 767 [2d Dept]) which expressly found that the acts of the police in detaining and attempting to seize him “were unlawful at the time the alleged injuries [to the police] were inflicted.” The appellant posited that defendant’s arrest by the police was not “authorized”, thus negating an essential element of the crime of resisting arrest. (People v Peacock, 68 NY2d 675.)
The trial court charged the jury that, to find defendant guilty of resisting arrest, it was required to find beyond a reasonable doubt, inter alla, that defendant “ ‘punched and kicked’ ” the two officers {supra, at 196), knowing that they were police officers, and in doing so intentionally attempted to prevent the officers from effecting an authorized arrest. Two officers testified that the only punching and kicking by defendant occurred well after the initial incident and defendant’s flight, when an officer apprehended him on foot and both officers were attempting to subdue and handcuff him. Although the defendant gave a different version of his and the officers’ conduct when he was finally apprehended, there is no reasonable view of the evidence that any punching or kicking by him occurred at any earlier point in the entire incident. Thus, since probable cause existed to apprehend the defendant, his arrest was authorized and if defendant resisted arrest he could be appropriately charged with Penal Law § 205.30. Voliton {supra) establishes that probable cause to arrest is a prerequisite for making an authorized arrest.
Unauthorized Arrest
Many cases illustrate the principle that an unauthorized arrest will bar a charge of Penal Law § 205.30. In contrast to the *80 aforementioned cases, in People v Peacock (68 NY2d 675, supra), the People conceded that the officer did not have any ground to believe that defendant was committing, had committed or was about to commit an offense. Thus, defendant’s arrest was not “authorized,” nor did her striking her arm in reaction to the officer’s attempt to detain her constitute harassment. There being no probable cause that authorized defendant’s arrest, she cannot be guilty of resisting arrest. (People v Carneglia, 63 AD2d 734; People v Harewood, 63 AD2d 876; see, People v Stevenson, 31 NY2d 108.)
Similarly, in People v Stephen (153 Misc 2d 382), defendant argued that because the officer lacked authority to arrest him for disorderly conduct, the resisting arrest charge must be dismissed as facially insufficient. Assuming the facts stated in the accusatory instrument to be true, the officer arrested the defendant for exercising his constitutional rights to express his views regarding members of the police department, albeit in an extremely derisive way. Because the defendant was held to be exercising constitutionally protected speech, no disorderly conduct occurred and the officer was therefore not authorized to arrest the defendant. (People v Peacock, 68 NY2d 675 [1986], supra.) As the officer was not authorized to make an arrest at the time the defendant struggled with the officer, an essential element of resisting arrest is lacking. (People v Alejandro, 70 NY2d 133 [1987].) Accordingly, the charge of resisting arrest was dismissed for facial insufficiency.
In People v Ailey (76 Misc 2d 589), where police officers had no probable cause to believe that a defendant, who was distributing literature on a street corner in Buffalo, was committing a crime, the officer’s demand to see a copy of the literature was improper and the arrest of the defendant and another for violation of an ordinance by failing to obey the officer’s demand was unauthorized. Thus, the defendants could not be convicted of resisting arrest or of obstructing governmental administration for their attempts to prevent the arrest. (Penal Law §§ 205.30, 195.05.) The central issue is whether or not there was an authorized arrest, under the circumstances herein, for refusing to obey an officer in the discharge of his regular duty.
It would seem obvious that when a police officer has no power or right to demand something, he has no authorized duty to perform in that regard and that any order given is unauthorized where no power or right exists. Thus, the arrest for refusing to obey the officer would be unauthorized (an essential ele *81 ment of Penal Law § 205.30) and, at least here, the “official function” (the essential element under Penal Law § 195.05, as particularly charged herein) could not be obstructed, impaired or perverted, if there was no power or right to act (it should be noted that the “official function” was specifically stated in the accusatory instrument as being that of “arresting the defendants”). The point here is simply: if the police officer had reasonable cause to believe that an offense was being committed at the time of the original confrontation then he had a right to arrest. Presumably, the officer did not have a reasonable cause at the time so he properly did not arrest. What he did do, however, is attempt to provide himself with reasonable cause and he therefore made certain demands, the refusal of which resulted in the arrest for the city ordinance offense. The resulting arrest charge was dismissed because the arrest was not authorized.
CONCLUSION
In the instant case, the police effected an “authorized arrest.” Defendant’s motion to dismiss Penal Law § 205.30 is hereby denied. Defendant’s reliance on People v Stephen (supra) is misplaced. In Stephen, the court held that Penal Law § 240.20 was unconstitutional as applied to the defendant because the defendant engaged in protected speech when he repeatedly clutched his genitals and yelled offensive epithets at a police officer. The court went on to hold that the arrest was unauthorized because the statute was unconstitutional as applied to the defendant. Since an authorized arrest is an essential element of the crime of resisting arrest, the charge of resisting arrest was dismissed for facial insufficiency. Since the charge in Stephen (Penal Law § 240.20 [disorderly conduct]) was dismissed based upon facial insufficiency and the police officer at no time effected an authorized arrest, it cannot be compared to the case at bar.
In People v Williams (25 NY2d 86), the Court of Appeals held that a resisting arrest charge is valid even if the defendant was acquitted of the underlying offense provided the arrest is authorized. The case before the Bar is similar to Williams in that there was a disposition of the underlying offense favorable to the defendant (the underlying charge ruled unconstitutional as opposed to an acquittal). Since the arresting officer made an authorized arrest for conduct reasonably believed to constitute an offense, the resisting arrest charge arises from subsequent independent unlawful actions of the defendant and *82 therefore may be prosecuted independent of the underlying charge.
For the foregoing reasons, defendant’s motion to dismiss is denied.