People v Merrill (2020 NY Slip Op 05936)





People v Merrill


2020 NY Slip Op 05936


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-02150
 (Ind. No. 18-00607)

[*1]The People of the State of New York, respondent,
v
Javon Merrill, appellant.


Adam Seiden, Mount Vernon, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jill Oziemblewski and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered January 31, 2019, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, the indictment is dismissed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent with CPL 160.50.
On November 29, 2018, during his plea allocution to attempted criminal possession of a weapon in the third degree (see Penal Law §§ 110.00, 265.02[1]), the defendant admitted that on or about January 9, 2018, he attempted to possess a gravity knife. On January 31, 2019, pursuant to his negotiated plea agreement, the defendant was sentenced to an indeterminate term of imprisonment of 1½ to 3 years.
The defendant contends that the judgment of conviction should be reversed because, inter alia, shortly after his conviction, Penal Law § 265.01(1) was amended to decriminalize the simple possession of a gravity knife. The People, in the exercise of their broad prosecutorial discretion, agree that the judgment should be vacated and the indictment dismissed. Even though the statute decriminalizing the simple possession of a gravity knife did not take effect until May 30, 2019 (see L 2019, ch 34, § 1), under the circumstances of this case, we vacate the judgment and dismiss the indictment, as a matter of discretion in the exercise of our interest of justice jurisdiction (see CPL 470.15[6]; People v Alston, 184 AD3d 415; People v Caviness, 176 AD3d 522).
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court