People v Minter (2021 NY Slip Op 04318)





People v Minter


2021 NY Slip Op 04318


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


656 KA 17-02112

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRY B. MINTER, DEFENDANT-APPELLANT. 






LINDSEY M. PIEPER, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered August 24, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice, the indictment is dismissed, and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) based on his possession of a "gravity knife" (see §§ 265.00 [5]; 265.01 [former (1)]).
Defendant contends that the judgment should be reversed because after his conviction, while his direct appeal was pending, Penal Law § 265.01 (1) was amended to decriminalize the simple possession of a gravity knife (L 2019, ch 34, § 1). The People, in the exercise of their broad prosecutorial discretion, have agreed that the indictment should be dismissed under the particular circumstances of this case and in light of the recent amendment decriminalizing the possession of gravity knives, notwithstanding the fact that the recent amendment does not require retroactive application (see People v Johnson, 192 AD3d 603, 603 [1st Dept 2021]; People v Banos, 68 Misc 3d 1, 4-5 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020], lv denied 35 NY3d 1064 [2020]; see generally People v Oliver, 1 NY2d 152, 157 [1956]). We agree, and therefore we reverse the judgment and dismiss the indictment as a matter of discretion in the interest of justice (see CPL 470.15 [6]; People v Merrill, 187 AD3d 1058, 1059 [2d Dept 2020]; People v Alston, 184 AD3d 415, 415 [1st Dept 2020]; People v Caviness, 176 AD3d 522, 522 [1st Dept 2019], lv denied 34 NY3d 1076 [2019]). In
light of the foregoing, we do not reach defendant's remaining contention.
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court