People v Hymes (2021 NY Slip Op 04454)





People v Hymes


2021 NY Slip Op 04454


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


533 KA 14-00053

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANACIN L. HYMES, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






JEFFREY WICKS, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered October 9, 2013. The appeal was held by this Court by order entered April 27, 2018, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (160 AD3d 1386 [4th Dept 2018]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, resisting arrest (Penal Law
§ 205.30). On a prior appeal, we noted that defendant made a motion for a trial order of dismissal, but that Supreme Court failed to issue a ruling on that part of the motion with respect to the resisting arrest charge. We therefore held the case, reserved decision and remitted the matter to Supreme Court for such a ruling (People v Hymes, 160 AD3d 1386, 1387-1388 [4th Dept 2018]). Upon remittal, the court denied that part of the motion.
We reject defendant's contention that the evidence is legally insufficient to support the conviction of resisting arrest (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, "[t]o support a conviction for resisting arrest, it is not necessary that the person be informed verbally that he [or she] is being arrested; it is sufficient that such knowledge be inferable from the facts and circumstances" (People v Maturevitz, 149 AD2d 908, 908 [4th Dept 1989]).
Here, the proof at trial established that a uniformed officer identified himself as a police officer and ordered defendant not to move. Defendant responded by fleeing, jumping over a fence, and attempting to evade other officers he thereafter encountered. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that, under these circumstances, the evidence is legally sufficient to support the conviction of resisting arrest (see People v Bell, 265 AD2d 813, 814 [4th Dept 1999], lv denied 94 NY2d 916 [2000]; People v Gray, 189 AD2d 922, 922-923 [3d Dept 1993], lv denied 81 NY2d 886 [1993]; Maturevitz, 149 AD2d at 908-909). We addressed the other contentions raised by defendant in our prior decision and concluded that none required modification or reversal of the judgment (see Hymes, 160 AD3d at 1387-1388).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court