People v Elmaskeny (2021 NY Slip Op 50766(U))

[*1]

People v Elmaskeny (Karim)

2021 NY Slip Op 50766(U) [72 Misc 3d 138(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-938 K CR

The People of the State of New York,
Respondent,
against
Karim Elmaskeny, Appellant. 

Appellate Advocates (Chelsea Lopez of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Jodi L. Mandel of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Archana Rao, J.), rendered May 14, 2019. The judgment convicted defendant, upon his plea of
guilty, of criminal possession of a weapon in the fourth degree, and imposed sentence.

ORDERED that the judgment of conviction is reversed, as a matter of discretion in the
interest of justice, the accusatory instrument is dismissed, and the fines, if paid, are remitted.
Defendant was charged in an accusatory instrument with, among other things, criminal
possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). It was alleged therein
that defendant had possessed a gravity knife and that defendant told the arresting officer that he
used the knife for work. On May 14, 2019, defendant appeared with counsel and pleaded guilty
to criminal possession of a weapon in the fourth degree in full satisfaction of all of the
charges.
On appeal, defendant contends that the judgment should be reversed based on the
amendment of Penal Law § 265.01 (1), which decriminalized possession of a gravity knife.
Defendant argues that the change in the law should be applied retroactively because, among other
things, he pleaded guilty 16 days prior to the effective date of the amended statute. In response,
the People contend that, while it is clear that the amendment does not apply retroactively, they do
not oppose reversal of defendant's conviction in the exercise of this court's interest of justice
jurisdiction in light of this court's decision in People v Banos (68 Misc 3d 1 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2020]), as well as decisions from the Appellate Divisions in the First and
Second Departments (see e.g. People v
Johnson, 192 AD3d 603 [2021]; People v Merrill, 187 AD3d 1058 [2020]; People v Caviness, 176 AD3d 522
[2019]). Under the circumstances, as a matter of discretion in the interest of justice (see
CPL 470.15 [3] [c]), we reverse the judgment [*2]of conviction
and dismiss the accusatory instrument.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021