People v Bullock (2021 NY Slip Op 51249(U))

[*1]

People v Bullock (Darryl)

2021 NY Slip Op 51249(U) [73 Misc 3d 145(A)]

Decided on December 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2018-484 RI CR

The People of the State of New York,
Respondent,
against
Darryl Bullock, Appellant. 

Appellate Advocates (Anna Kou of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County
(Raja Rajeswari, J.), rendered January 25, 2018. The judgment convicted defendant, upon his
plea of guilty, of criminal possession of a weapon in the fourth degree, and imposed
sentence.

ORDERED that the judgment of conviction is reversed, as a matter of discretion in the
interest of justice, and the accusatory instrument is dismissed.
Defendant was charged in an accusatory instrument dated April 24, 2017 with criminal
possession of a weapon in the fourth degree (Penal Law § 265.01 [1], then in effect), based
on his possession of a gravity knife, and criminal possession of a controlled substance in the
seventh degree (Penal Law § 220.03). After a hearing, the Criminal Court denied
defendant's suppression motion, finding that there was probable cause for defendant's arrest and
that a gravity knife was recovered through a lawful search of defendant incident to the arrest.
Defendant subsequently pleaded guilty to the charged offense of criminal possession of a weapon
in the fourth degree, in satisfaction of the accusatory instrument. Sentence was imposed on
January 25, 2018.
On appeal, defendant contends that the judgment of conviction should be reversed due to the
amendment of Penal Law § 265.01 (1), effective May 30, 2019, which decriminalized
possession of a gravity knife. Defendant argues that the change in the law should be applied
retroactively to his case since the change occurred while his case was pending on direct
review.
Since the statute's amendment, appellate courts have consistently dismissed accusatory
instruments charging possession of a gravity knife pre-amendment (see People v Minter,
196 [*2]AD3d 1073 [4th Dept 2021]; People v Merrill, 187 AD3d 1058
[2d Dept 2020]; People v Alston,
184 AD3d 415 [1st Dept 2020]; People v Elmaskeny, 72 Misc 3d 138[A], 2021 NY Slip Op
50766[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; People v Marte-Tejada, 66 Misc 3d
153[A], 2020 NY Slip Op 50347[U] [App Term, 1st Dept 2020]) as a matter of discretion in
the interest of justice. Although those decisions are on the People's consent, and here the People
expressly refuse to consent to reversal of the judgment of conviction and dismissal of the
accusatory instrument in the interest of justice, we are not bound by that refusal. Accordingly, we
reverse the judgment of conviction and dismiss the accusatory instrument in the interest of
justice.
In light of the foregoing, we reach no other issue.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2021