People v Foster (2022 NY Slip Op 50923(U))

[*1]

People v Foster (Damon)

2022 NY Slip Op 50923(U) [76 Misc 3d 133(A)]

Decided on September 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2017-1501 Q CR

The People of the State of New York,
Respondent,
against
Damon Foster, Appellant. 

Appellate Advocates (Martin B. Sawyer of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, William H. Branigan and
Rachel N. Houle of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(John Zoll, J.), rendered July 5, 2017. The judgment convicted defendant, upon a jury verdict, of
obstructing governmental administration in the second degree, resisting arrest, and criminal
possession of a weapon in the fourth degree, and imposed sentence.

ORDERED that the judgment of conviction is modified, as a matter of discretion in the
interest of justice, by vacating so much of the judgment as convicted defendant of criminal
possession of a weapon in the fourth degree and the sentence imposed thereon, and dismissing
the count of the accusatory instrument charging that offense; as so modified, the judgment of
conviction is affirmed.
Defendant was charged in an accusatory instrument with, among other things, criminal
mischief in the fourth degree (Penal Law § 145.00 [1]), petit larceny (Penal Law §
155.25), obstructing governmental administration in the second degree (Penal Law §
195.05), resisting arrest (Penal Law § 205.30), and criminal possession of a weapon in the
fourth degree (Penal Law § 265.01 [1]). The accusatory instrument alleged that an
eyewitness, later identified as the complainant's brother, observed defendant steal tools and
damage the complainant's vehicle. The complainant called 911 and filed a police report against
defendant, alleging criminal mischief in [*2]the fourth degree and
petit larceny. Defendant was arrested days later and a gravity knife was recovered from his
person after a search incident to his arrest. The criminal mischief and petit larceny charges were
subsequently dismissed. Following a jury trial, defendant was convicted of obstructing
governmental administration in the second degree, resisting arrest, and criminal possession of a
weapon in the fourth degree. 
On appeal, defendant first contends that the trial evidence was legally insufficient to
establish his guilt, or, in the alternative, that the verdict was against the weight of the evidence
because there was no probable cause for his arrest. At the outset, we note that defendant's
challenge to the legal sufficiency of the trial evidence is unpreserved for appellate review as
defense counsel merely made a general motion to dismiss at the close of all the evidence based
on the People's failure to prove "each count." In any event, viewing the evidence in the light most
favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was
legally sufficient to convict defendant of obstructing governmental administration in the second
degree, resisting arrest, and criminal possession of a weapon in the fourth degree.
To establish defendant's guilt of obstructing governmental administration in the second
degree beyond a reasonable doubt, the People were required to prove that defendant
"intentionally obstruct[ed], impair[ed] or pervert[ed] the administration of law or other
governmental function or prevent[ed] or attempt[ed] to prevent a public servant from performing
an official function, by means of intimidation, physical force or interference, or by means of any
independently unlawful act . . ." (Penal Law § 195.05).
Viewing the evidence in the light most favorable to the People (see People v Contes,
60 NY2d at 621), we find that the evidence was legally sufficient to establish defendant's guilt of
obstructing governmental administration in the second degree. In addition, upon the exercise of
this court's factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342,
348-349 [2007]), while according great deference to the jury's opportunity to view the witnesses,
hear their testimony, observe their demeanor, and assess their credibility (see People v Romero, 7 NY3d
633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v
Bleakley, 69 NY2d 490, 495 [1987]), we find the verdict was not against the weight of the
evidence.
"A person is guilty of resisting arrest when he [or she] intentionally prevents or attempts to
prevent a police officer or peace officer from effecting an authorized arrest of himself or another
person" (Penal Law § 205.30). A key element of resisting arrest is the requirement that there
be an "authorized" arrest, including a finding that the arrest was premised on probable cause
(see People v Jensen, 86 NY2d 248, 253 [1995]). "Probable cause exists when an officer
has knowledge of facts and circumstances sufficient to support a reasonable belief that an offense
has been or is being committed" (People v Maldonado, 86 NY2d 631, 635 [1995]
[internal quotation marks omitted]). To the extent that the police officer's reasonable belief was
based upon hearsay, we note that said hearsay was first brought out at trial by defense counsel
during his cross-examination of the officer. The evidence established that defendant's arrest was
authorized since two police officers testified that there was an open complaint for defendant's
arrest, and the officers spoke with the complainant, prior to defendant's arrest, who told them that
his brother had observed defendant steal some of the complainant's property and damage his
vehicle. Where, as here, an arrest is authorized, a dismissal of the offenses for which defendant
was properly arrested does not preclude a conviction for resisting that arrest (see People v
[*3]Thomas, 239 AD2d 246 [1997]; People v Martin,
222 AD2d 528 [1995]). Consequently, we find that the trial evidence was legally sufficient to
establish defendant's guilt of resisting arrest beyond a reasonable doubt, and the jury verdict was
not against the weight of the evidence.
Furthermore, defendant's unpreserved contention that the officers committed a
Payton violation (Payton v New York, 445 US 573 [1980]) by attempting a
warrantless arrest of defendant inside his home is without merit. The officers' entry into a home
that defendant shared with another was proper pursuant to that other person's consent (see
People v Cosme, 48 NY2d 286, 290 [1979]; People v Hook, 80 AD3d 881, 882 [2011]; People v Gardner, 45 AD3d 1371
[2007]). Here, there is no dispute that, at the time of defendant's arrest, the individual who
invited the police officers inside the house resided with defendant therein, and there is no
evidence that defendant expressly refuted that consent (see Georgia v Randolph, 547 US
103 [2006]; People v Grillo, 128
AD3d 1103, 1105 [2015]). Thus, the officers properly relied on that person's apparent
authority in order to enter the premises and to arrest defendant.
Defendant also contends on appeal that the Criminal Court erred in denying his motion for a
mistrial based on the delayed transfer of Rosario material. We first note that an Internal
Affairs report constitutes material required to be turned over to the defense under CPL former
section 240.45 (1) (a) then in effect, and People v Rosario (9 NY2d 286 [1961]). "While
the complete failure to disclose Rosario material results in an automatic right to a new
trial, a mere delay in disclosure requires reversal and a new trial only if there is a showing that
the defense was substantially prejudiced by the delay" (People v Perkins, 227 AD2d 572,
573 [1996] [internal quotation marks omitted]; see also People v Fermin, 150 AD3d 876 [2017]). While we do not
condone the long delay in the disclosure, here defendant has failed to make an adequate showing
of substantial prejudice. Defendant was offered the opportunity to reopen his case and recall two
police officers, which offer he declined and instead entered into a stipulation as to how the
officers would testify in light of the undisclosed material. Therefore, the Criminal Court did not
err in denying defendant's request for a mistrial.
Finally, defendant contends that so much of the judgment as convicted defendant of criminal
possession of a weapon in the fourth degree should be vacated based on the May 30, 2019
amendment of Penal Law § 265.01 (1), which decriminalized possession of a gravity knife
in New York. Defendant argues that the change in the law should be applied retroactively. In
response, the People consent to the vacatur of that conviction in the exercise of this court's
interest of justice jurisdiction given the court's decision in Cracco v Vance (376 F Supp
3d 304 [SD NY 2019]) and the amended legislation. In light of our decisions in People v Banos (68 Misc 3d 1
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]) and People v Elmaskeny (72 Misc 3d
138[A], 2021 NY Slip Op 50766[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2021]), as well as decisions from the Appellate Divisions in the First and Second Departments
(see e.g. People v Johnson, 192
AD3d 603 [2021]; People v
Merrill, 187 AD3d 1058 [2020]; People v Caviness, 176 AD3d 522 [2019]), we grant the requested
relief, as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Accordingly, the judgment of conviction is modified by vacating so much of the judgment as
convicted defendant of criminal possession of a weapon in the fourth degree and the sentence
imposed thereon, and dismissing the count of the accusatory instrument charging that
offense.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2022