■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFUS RAVANELL, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's claim that he was improperly sentenced as a second violent felony offender *(see,* Penal Law § 70.04 [1]). In 1967, defendant, then 15 years of age, committed a forcible rape in violation of section 794.01 of the Florida statutes. Pursuant to Florida law, he was tried as an adult, convicted, and sentenced to life imprisonment. Defendant contends that because he was only 15 when the offense was committed in Florida, and because New York law at the time would have precluded imposition of criminal responsibility upon a 15 year old for a violation of Penal Law § 130.35, the prior Florida conviction does not constitute a predicate violent felony under Penal Law § 70.04. We disagree.

A prior felony is a predicate violent felony conviction under Penal Law § 70.04 (1) (b) if, at the time the current violent felony offense was committed, the offense underlying the prior felony conviction was one of the felonies designated in section 70.02 (1) of the Penal Law *(see, People v Morse,* 62 NY2d 205, 217; *People v Wolmart,* 140 AD2d 733, *lv denied* 72 NY2d 926; *People v Balfour,* 95 AD2d 812, 813). It is undisputed that the crime for which defendant was convicted in Florida includes all of the essential elements of the New York violent felony of rape in the first degree (Penal Law § 130.35) and that when

defendant committed the current offense in 1983, a 15-year-old defendant could be tried and convicted as an adult for rape in the first degree under New York law (see, Penal Law § 30.00 [2]). We conclude, therefore, that defendant was properly sentenced as a second violent felony offender.

We have reviewed the remaining claims asserted by the defendant and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—rape, first degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.