■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BATTEST, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of assault in the second degree, resisting arrest, criminal mischief in the fourth degree, and attempted petit larceny. The latter two charges were based on defendant's conduct in cutting a window screen and attempting to remove a radio from an inner windowsill.

The first two counts stem from defendant's conduct in repeatedly striking a police officer who was attempting to arrest defendant immediately following the property crime. Defendant's primary contention on appeal is that the evidence is insufficient to support his convictions for second degree assault and resisting arrest because the arrest was unlawful. Defendant also contends that the court's charge on resisting arrest was improper.

Since defendant's challenge to the legality of his arrest goes to the sufficiency of the evidence, the issue must be determined on the trial evidence rather than, as urged by defendant, the evidence adduced at the suppression hearing. At trial, the People established that there was probable cause to arrest defendant from the outset of the encounter. The arresting officer was flagged down by a citizen who told him that two men had broken into her cousin's house and attempted to steal a radio. She pointed out defendant, who was walking nearby and has a distinctive appearance, as one of the men. The reliability of an identifiable citizen is inherent and presumed *(People v Hicks,* 38 NY2d 90, 92-94; *People v Cruz,* 149 AD2d 151, 158; *People v LeGrand,* 142 AD2d 977, *lv denied* 73 NY2d 893; *People v Cantre,* 95 AD2d 522, 526, *affd* 65 NY2d 790). Her firsthand knowledge is implicit in the details of her report, given her obvious familiarity with the incident and her ability to point out defendant as one of the suspects. Thus, the officer properly acted on the information in confronting defendant.

Defendant also contends that his arrest was illegal because the officer did not inform defendant of "his authority and purpose and of the reason for such arrest", pursuant to CPL 140.15 (2). In determining the sufficiency of the proof, we do not regard the officer's failure to comply with that statutory notice requirement as rendering the arrest unlawful *(cf., People v Gonzalez,* 55 NY2d 887, 888; *People v Coffey,* 12 NY2d 443, 453, *cert denied* 376 US 916; *Ford v State of New York,* 21 AD2d 437, 440). An officer's failure to announce the reason for an arrest immediately does not excuse the arrestee's assaultive conduct. In any event, even assuming that the notice requirement of CPL 140.15 is an element of proof in assault and resisting arrest prosecutions, the officer's noncompliance with the statute is excusable in this case. Defendant's conduct in refusing to stop and walking away from the officer, then assaulting him, rendered compliance with the notice requirement impracticable *(see,* CPL 140.15 [2]; *People v Ailey,* 76 Misc 2d 589, 593). Further, it was unnecessary to inform

defendant of the basis for the arrest where the circumstances put defendant on ample notice of the reason *(see, People v Coffey, supra)*.

In view of our conclusion that compliance with CPL 140.15 (2) is not a necessary element of proof, we reject defendant's argument that the court erred in failing to charge the jury on the notice requirement. In any event, any error in failing to charge that principle was harmless in light of the evidence of circumstances tending to excuse the officer's noncompliance *(see,* CPL 140.15 [2]). (Appeal from judgment of Monroe County Court, Egan, J.—assault, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.