THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HENRY, Appellant.

First Department, December 29, 1992

---

## APPEARANCES OF COUNSEL

*Scott H. Greenfield* of counsel, New York City *(Meyer & Greenfield,* attorneys), for appellant.

*Stanley R. Kaplan* of counsel, Bronx *(Billie Manning* with him on the brief; *Robert T. Johnson, District Attorney* of Bronx County, attorney), for respondent.

## OPINION OF THE COURT

WALLACH, J.

This is an appeal from a judgment in Supreme Court, Bronx County, convicting defendant on plea of guilty to criminal possession of marihuana in the second degree, after denial of his motion to suppress physical evidence, and sentencing him to five years' probation.

Police and Drug Enforcement Agency operatives had defendant under surveillance as a result of wiretap information indicating that he might have been supplying heroin to the primary subject of their investigation in the Bronx, one Angel Martinez. Defendant owned a liquor store in Putnam County, and was overheard, in several telephone exchanges with Martinez, discussing deliveries in coded language that the drug agents were convinced referred to narcotic contraband. On January 31, 1991 they intercepted a conversation indicating that defendant would be driving the next day to a designated location and delivering to Martinez "ten things packed up".

On February 1 a surveillance team observed defendant loading a large cardboard box into the back of his vehicle. They followed him into the Bronx where they stopped him on

the Henry Hudson Parkway with machine guns and handguns drawn, despite no apparent reason to believe defendant was armed. Defendant was forcibly removed from his vehicle, handcuffed and told to lie face down on the ground. Search of the vehicle yielded a leather shoulder bag on the front seat, containing a small quantity of marihuana and $70,000 in cash in small denominations. In defendant's wallet the agents found a piece of paper with Martinez' beeper number and Martinez' brother's telephone number. The cardboard box in the rear was found to contain 10 plastic bags of marihuana, weighing approximately one pound each. All of these items were seized. Assertedly unwilling to compromise their ongoing investigation into the suspected distribution of heroin, the agents released defendant, telling him that they had stopped him in the mistaken belief that he resembled a bank robber then at large.* However, they retained all the seized items.

Defendant was not arrested until April 12, 1991, when he was charged with possession of the 10 pounds of marihuana seized 10 weeks earlier. After his indictment, defendant moved to suppress all physical evidence seized on February 1. The suppression court found (152 Misc 2d 848) that defendant's detention on the Henry Hudson Parkway had been illegal, so any subsequent wiretapped conversations concerning the events of that date would be suppressed. There was, however, independent cause to stop and search the vehicle, albeit without a warrant, for a specified quantity of a yet unknown type of narcotic contraband, based on information learned by these agents in the prior wiretaps, and the observations of defendant loading his vehicle that morning. Thus, the court held, the 10 pounds of marihuana in the cardboard box was seizable, although the cash and the other items were not.

On a subsequent motion, the court granted reargument on February 28, 1992, but adhered to the prior determination. The court also rejected a new effort to suppress eavesdropping evidence for failure to comply with the notice requirement of CPL 700.70. Defendant thereupon pleaded guilty to the class D felony of marihuana possession in the second degree, and was sentenced to five years' probation.

On the follow-up motion, the People maintained that the documents in question were delivered to Martinez' attorney in

---

* The People concede that this falsehood violated the statutory requirements of CPL 140.15 (2). But a statutory, as opposed to a constitutional, violation, does not itself trigger suppression.

a timely fashion. Furthermore, since the cases against defendant and Martinez were being handled by the same prosecutorial team, and since defendant was being represented by another attorney in the same firm as counsel representing Martinez, the People urged that the documentation delivered to Martinez' counsel, which prominently referred to defendant, should have satisfied the requirement of notice to defendant. The position taken by the People that earlier service upon Martinez' counsel constituted compliance vis-à-vis this defendant was irregular, and generative of enough confusion that the court should have found "good cause", as the statute provides, to extend the time limitation for challenging the seizure. The court thus should have exercised its discretion to entertain the motion entirely on its merits despite its facial untimeliness.

On a more substantive point, we are concerned not so much with the justification for the search of the vehicle on February 1, 1991, leading to seizure of the carton of marihuana, as with the manner in which that stop and seizure took place. As a general proposition, a search and seizure should meet a quadripartite serial test in order to pass constitutional muster: (1) whether a search actually took place; (2) whether said search was undertaken pursuant to a valid warrant, or at least a recognized exception to the warrant requirement; (3) whether there was probable cause for the search, or such lesser suspicion as would justify only a lower level of minimal intrusion; and (4) whether the search was conducted in a reasonable manner *(see, Skinner v Railway Labor Executives Assn.,* 489 US 602, 642 [Marshall, J., dissenting]). The requirement that searches and seizures be reasonable limits the police use of unnecessarily frightening or offensive methods of investigation *(United States v Ortiz,* 422 US 891, 895). Here, the manner by which search and seizure were effected involved a threatened and immediate use of deadly force. Even in the case of preventing escape by an unarmed felon, such threatened use of force is disapproved. As the Supreme Court noted in *Tennessee v Garner* (471 US 1, 10), such unnecessary use of deadly force is a self-defeating method of setting the criminal justice mechanism in motion.

Two possible justifications are advanced to sustain the method of seizure adopted here: (1) either the stop and seizure were arguably valid, albeit with excusable overkill, or (2) the entire escapade should be dismissed as a harmless ruse to recover contraband while simultaneously protecting the ongo-

ing investigation. If the former, it is sufficient to note that no arrest was effectuated at the scene, even after the contraband was seized. If the latter, the People's argument that the "bank robber" ruse was employed to avoid compromising their ongoing investigation taxes credulity. Did the agents really believe that their seizure of 10 pounds of marihuana and $70,000 in cash would go unnoticed by defendant and that he would somehow fail to mention this incident to Martinez on arrival?

The irresponsibly forceful nature of this stop and search, on a highway in full view of passing motorists, was anything but harmless. It presented the possibility of danger not only to this unarmed defendant, but also to innocent passersby. This danger outweighed the DEA's asserted need to carry out such a contrived ruse. It cannot be trivialized as the mere sufferance by defendant of a "petty indignity" (see, Terry v Ohio, 392 US 1, 16-17).

Our decision is not intended to minimize the legitimate threat to our society posed by illegal drug trafficking, and the challenge that threat presents to law enforcement. Rather, its purpose is to recognize the need to insist that warrantless seizures of evidence by the police meet constitutional standards. When those standards are applied to the undisputed facts of this case, it becomes clear that we cannot condone the oppressive and highly irregular conduct of law enforcement authorities.

The manner in which the stop and search were carried out is as much a part of that search as any other element. The overly intrusive nature of this law enforcement action requires us to suppress all the evidence so acquired.

Accordingly, the judgment of Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered April 24, 1992, should be unanimously reversed, on the law and the facts, and as a matter of discretion in the interest of justice, defendant's plea vacated, the physical evidence suppressed, and the matter remanded for further proceedings in accordance herewith.

CARRO, J. P., Ross and ASCH, JJ., concur.

Judgment of Supreme Court, Bronx County, rendered April 24, 1992, is unanimously reversed, on the law and the facts, and as a matter of discretion in the interest of justice, defendant's plea is vacated, the physical evidence is suppressed, and the matter is remanded for further proceedings in accordance with the opinion entered herein.