■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON SEKOLL, Appellant. [679 NYS2d 225] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of assault in the second degree (Penal Law § 120.05 [3]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01) and resisting arrest (Penal Law § 205.30). He contends that, because the People failed to establish that the State Trooper had probable cause to arrest him, the verdict with respect to assault in the second degree and resisting arrest is not supported by legally sufficient evidence that the State Trooper was performing a lawful duty when he was assaulted by defendant or that he was authorized to arrest defendant. We disagree. The standard for reviewing the legal sufficiency of evidence in a criminal case is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt (*see, People v Ficarrota,* 91 NY2d 244, 248-249; *People v Chico,* 90 NY2d 585, 588-589; *People v Williams,* 84 NY2d 925). An identified citizen informed the State Trooper that he had been assaulted by defendant, and he identified an approaching pickup truck as belonging to the assailant. Defendant was driving the vehicle, and the other occupants were a woman and a 15-year-old child. Based on that information, the police had probable cause to arrest defendant (*see, Pomento v City of Rome,* 231 AD2d 875, 876; *People v Newton,* 180 AD2d 764).

We reject defendant's further contentions that the verdict with respect to assault in the second degree is not supported by legally sufficient evidence that the State Trooper suffered a physical injury within the meaning of Penal Law § 10.00 (9)

and § 120.05 (3) and that defendant caused that injury. The State Trooper testified that, after struggling and wrestling with defendant for 3 to 5 minutes, he felt pain in his left arm as defendant pulled away from him, that the pain in his left arm and shoulder worsened and that he sought treatment at the hospital. He was unable to do anything for the first two days after the incident. He was out of work for a week to 10 days, returning when his doctor permitted him to do so. He took prescribed muscle relaxants and pain killers and wore a sling on his left arm for three or four days. That evidence is legally sufficient to establish that defendant caused an "impairment of physical condition" within the meaning of Penal Law § 10.00 (9) (*see, People v Curry*, 199 AD2d 528, *lv denied* 83 NY2d 870; *People v Moise*, 199 AD2d 423; *People v Soto*, 184 AD2d 673, *lv denied* 80 NY2d 910).

With respect to the conviction of criminal possession of a weapon in the fourth degree, the evidence is legally sufficient to establish that defendant intended to use a chain saw in an unlawful manner. Lastly, with respect to the conviction of resisting arrest, the evidence, viewed in the light most favorable to the People, establishes that defendant was aware that he was being arrested (*see, People v Gray*, 189 AD2d 922, 923, *lv denied* 81 NY2d 886; *cf., People v Saitta*, 79 AD2d 994, 995). We reject the contention of defendant that the People were required to announce immediately the reason for his arrest (*see, People v Battest*, 168 AD2d 958, 959, *lv denied* 77 NY2d 958).

There is no merit to the contention that defendant was denied effective assistance of counsel because his attorney failed to correct an erroneous statement in the presentence report that defendant had also assaulted a female victim. During sentencing, the prosecutor stated that defendant had been found not guilty of assaulting that female victim. Further, County Court stated that it was thoroughly familiar with the facts and circumstances of the case, having presided over the trial. Thus, the failure of defense counsel to correct the report did not prejudice defendant, and his representation, viewed in its entirety, was meaningful (*see, People v Baldi*, 54 NY2d 137, 147). We further conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Steuben County Court, Sheridan, J.—Assault, 2nd Degree.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.