Appeal from an order of Family Court, Monroe County (Bellini, J.) entered April 11, 2002, which adjudged that respondent is a juvenile delinquent and placed respondent on probation supervision for a period of 24 months.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Contrary to respondent’s contention, Family Court’s findings that respondent committed acts that if committed by an adult would constitute the crimes of gang assault in the second degree (Penal Law § 120.06), assault in the third degree (§ 120.00 [1]) and reckless endangerment in the second degree (§ 120.20), as both principal and accomplice (§ 20.00), are supported by legally sufficient evidence and are not against *909 the weight of the evidence. In reaching its findings, the court considered, inter alia, the testimony of the victim that respondent, along with several other young men, attacked him outside the school they all attended, and the testimony of respondent denying that he participated in the attack. Although different findings would not have been unreasonable, we conclude that the court did not fail to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), and we decline to disturb the court’s credibility determination. The evidence adduced at the dispositional hearing is also legally sufficient to support the findings that respondent: (1) intended to cause physical injury to the victim and inflicted serious physical injury with the aid of at least two other persons actually present (§ 120.06); (2) intended to cause physical injury to the victim (§ 120.00 [1]); and (3) engaged in conduct that created a substantial risk of serious physical injury to the victim (§ 120.20).
Additionally, there is ample evidence in the record establishing that the victim sustained a serious physical injury (see People v Taylor, 276 AD2d 933, 935 [2000], lv denied 96 NY2d 788 [2001]; Matter of Veronica R., 268 AD2d 287, 288 [2000]; People v Sekoll, 254 AD2d 797, 798 [1998], lv denied 92 NY2d 1053 [1999]). As a result of the attack, the victim obtained medical treatment at two hospitals and was hospitalized for six nights. His eye was swollen shut and he was unable to move it from side to side for approximately one week. Finally, his eyesight was still impaired at the time of the delinquency hearing, which was conducted 41 days after the attack. Present—Pigott, Jr., PJ., Green, Pine, Scudder and Hayes, JJ.