THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE RAYFORD, Appellant. [790 NYS2d 913]—Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered April 22, 2003. The judgment convicted defendant, after a nonjury trial, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of assault in the second degree (Penal Law §120.05 [3]), defendant contends that the evidence is legally insufficient to establish that he intended to prevent the correction officer from performing a lawful duty. We reject that contention (*see People v Spinks*, 244 AD2d 921, 922 [1997]). Further, County Court did not fail to give the evidence the weight it should be accorded on that element of the crime charged (*see id.*; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We similarly conclude that the evidence is legally sufficient to establish that defendant caused the correction officer to sustain a physical injury (*see People v Porter*, 304 AD2d 845 [2003], *lv denied* 100 NY2d 565 [2003]; *People v Sekoll*, 254 AD2d 797, 797-798 [1998], *lv denied* 92 NY2d 1053 [1999]), and that the verdict is not against the weight of the evidence in that respect (*see generally Bleakley*, 69 NY2d at 495). Defendant was properly sentenced as a persistent violent felony offender (*see generally People v Morse*, 62 NY2d 205, 216-217 [1984], *appeal dismissed* 469 US 1186 [1985]; *People v Ravanell*, 156 AD2d 935 [1989]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Lawton and Hayes, JJ.