■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ROBINSON, Appellant. [808 NYS2d 850]—Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered November 6, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), gang assault in the first degree and assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]) and one count each of gang assault in the first degree (§ 120.07) and assault in the first degree (§ 120.10 [1]), defendant contends that the evidence is legally insufficient to support the conviction. Defendant failed to preserve his contention for our review with respect to the burglary conviction because his motion to dismiss was not specifically directed at the error alleged on appeal with respect thereto (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, contrary to defendant's contention, the evidence is legally sufficient with respect to the burglary conviction because both the victim of the assault and the resident of the apartment where the crimes occurred identified defendant as one of the participants in the crimes (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, the evidence is legally sufficient to establish that the victim sustained a serious physical injury and thus is legally sufficient with respect to the conviction of gang assault and assault (*see Matter of Timothy S.*, 1 AD3d 908 [2003]). We reject defendant's contentions that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495), and that the photo array was unduly suggestive (*see People v Gettys*, 162 AD2d 963 [1990], *lv denied* 76 NY2d 857 [1990]). Also lacking in merit is the further contention of defendant that County Court erred in denying his motion for a mistrial based on the prosecutor's attempt to impeach a prosecution witness. The court's curative instructions alleviated any prejudice to defendant, and we conclude that any error arising from the prosecutor's questioning of the prosecution witness is harmless (*see People v Kello*, 267 AD2d 123, 124 [1999], *affd* 96 NY2d 740 [2001]). We have reviewed the remaining contentions of defendant, including those raised in his pro

se supplemental brief, and conclude that they are without merit. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Martoche, JJ.