■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER HAMPTON, Appellant. [844 NYS2d 399]—

Appeal by the defendant from a judgment of the County Court, Nassau County (La Pera, J.), rendered March 28, 2002, convicting him of attempted murder in the second degree, attempted arson in the first degree (two counts), and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, pursuant to stipulation in lieu of motions, of the suppression of physical evidence and statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The police had probable cause to arrest the defendant based upon both their discovery of an apparently illegal handgun in a car from which the defendant's aunt Laverne Graham had just alighted (*see People v Graham*, 307 AD2d 935 [2003]), and Graham's statement to the effect that the gun in question had recently been given to her by the defendant (*see People v Berzups*, 49 NY2d 417, 427 [1980]; *People v Johnson*, 7 AD3d 732 [2004]). The legality of the defendant's arrest was not diminished by the possibility that the police might have been less interested in prosecuting the defendant on the basis of the

weapons offense than in investigating his possible involvement in Graham's recent attempt to murder the intended victim by setting fire to the intended victim's house (*see People v Cypriano*, 73 AD2d 902 [1980]; *see also People v Fulton*, 257 AD2d 774 [1999]; *People v Reynolds*, 240 AD2d 517 [1997]).

Additionally, the defendant's asserted belief that he was under arrest on suspicion of arson, rather than on the basis of the suspected weapons offense, would also have had no effect on the legality of the arrest (*see Devenpeck v Alford*, 543 US 146 [2004]). "While it is assuredly good police practice to inform a person of the reason for his arrest at the time he is taken into custody, [this is not] constitutionally required" (*Devenpeck v Alford*, 543 US at 155; *cf.* CPL 140.15 [2]; *People v Coffey*, 12 NY2d 443, 453 [1963], *cert denied* 376 US 916 [1964]; *People v Sekoll*, 254 AD2d 797 [1998]; *People v Henry*, 185 AD2d 1, 3 n [1992]; *People v Battest*, 168 AD2d 958, 959 [1990]; *People v Dyla*, 142 AD2d 423, 428 [1988]).

The defendant's post-arrest statement, in which he confessed his involvement in Graham's plot to kill the intended victim by firebombing her house, was not, as he claims, "coerced" (*e.g. People v Salaam*, 83 NY2d 51 [1993]). Spolzino, J.P., Santucci, Skelos and Dickerson, JJ., concur.