■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKILI NIX, Appellant. [912 NYS2d 832]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 29, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]). In his omnibus motion papers, defendant sought to suppress his statements to the police alleging, inter alia, that there was a *Payton* violation and that his arrest pursuant to an arrest warrant issued for an unrelated charge was a "sham" or pretext to circumvent his constitutional rights. At the suppression hearing, however, the prosecutor stated that he had discussed the scope of the hearing with defense counsel based on the concerns of the prosecutor that he would have to call the arresting officers as witnesses. The prosecutor then informed the court that defense counsel had said, "that's not part of his motion." Defense counsel did not object to the

prosecutor's statements, and the only witnesses who testified at the suppression hearing were the two officers who took defendant's written statement after defendant had been taken into custody. Indeed, defense counsel's cross-examination of those two officers focused on the circumstances surrounding defendant's statements while in custody. Because defendant failed to seek a ruling on those parts of his omnibus motion concerning the alleged *Payton* violation and pretextual arrest or to object to the admission of his statements in evidence at trial, we conclude that defendant abandoned his contentions that Supreme Court erred in refusing to suppress his statements to the police on those grounds (*see People v Anderson*, 52 AD3d 1320, 1321 [2008], *lv denied* 11 NY3d 733 [2008]).

In any event, those contentions lack merit. With respect to his contention that there was a *Payton* violation, defendant relies on the holding of the United States Supreme Court in *Steagald v United States* (451 US 204, 211-216 [1981]) that a valid arrest warrant for one individual may not justify the search of the premises of a third party. Here, defendant was arrested in the home of a third party, and he contends that the police officers were not authorized to enter the home because they did not have a search warrant for the premises or the consent of the homeowner (*see generally* CPL 120.80 [4]; 690.50; *Steagald*, 451 US at 208-209; *People v Hernandez*, 218 AD2d 167, 172 [1996], *lv denied* 88 NY2d 936, 1068 [1996]). "[T]he holding of *Steagald*[, however,] protects only the homeowner whose premises are searched, *not* the suspect who is legally arrested on the homeowner's premises . . . To hold otherwise would create the absurd situation in which a suspect . . . has greater rights in someone else's home than in his or her own home" (*Hernandez*, 218 AD2d at 172-173; *see Com. v Stanley*, 498 Pa 326, 333 n 4, 446 A2d 583, 586 n 4 [1982]).

With respect to the contention of defendant that his arrest on an unrelated charge was a "sham" or pretext, we conclude that his arrest pursuant to an outstanding arrest warrant for a lesser charge "cannot be characterized as a sham merely because, after he was taken into custody, the police were more interested in questioning him about a different and graver crime" (*People v Clarke*, 5 AD3d 807, 810 [2004], *lv denied* 2 NY3d 796, 797 [2004] [internal quotation marks omitted]; *see People v Hampton*, 44 AD3d 1071 [2007], *lv denied* 10 NY3d 840 [2008]; *People v Cypriano*, 73 AD2d 902 [1980]).

Contrary to the further contention of defendant, the court's *Sandoval* ruling does not constitute an abuse of discretion (*see People v Grady*, 40 AD3d 1368, 1370 [2007], *lv denied* 9 NY3d

923 [2007]; *People v Carter*, 34 AD3d 1342 [2006], *lv denied* 8 NY3d 844). We conclude that the contention of defendant that the court erred in denying his motion for a mistrial is moot inasmuch as it involves only the counts upon which he was acquitted (*see generally People v Fronjian*, 22 AD3d 244 [2005], *lv denied* 6 NY3d 776 [2006]; *People v Smith*, 9 AD3d 745, 746 n [2004], *lv denied* 3 NY3d 742 [2004]). Contrary to defendant's further contention, "[t]he court's charge adequately conveyed the elements of burglary in the [second] degree, including the requirement of contemporaneous intent" (*People v Salgado*, 273 AD2d 860, 861 [2000], *lv denied* 95 NY2d 892 [2000]; *see* CJI2d[NY] Penal Law § 140.25 [2]; *cf. People v Gaines*, 74 NY2d 358, 363 [1989]). Finally, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is. not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Present—Centra, J.P., Carni, Sconiers and Pine, JJ.