# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**349**

**CAF 12-01163**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF JUSTIN G.,
RESPONDENT-APPELLANT.

----------------------------

MONROE COUNTY ATTORNEY,
PETITIONER-RESPONDENT.

MEMORANDUM AND ORDER

---

ARDETH L. HOUDE, ATTORNEY FOR THE CHILD, ROCHESTER, FOR RESPONDENT-APPELLANT.

WILLIAM K. TAYLOR, COUNTY ATTORNEY, ROCHESTER (KELLY G. BARTUS OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an amended order of the Family Court, Monroe County (Joan S. Kohout, J.), entered January 11, 2012 in a proceeding pursuant to Family Court Act article 3. The amended order adjudged that respondent committed an act that if committed by an adult would constitute the crime of gang assault in the second degree.

It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: Contrary to respondent's contention, Family Court's finding that respondent committed an act that if committed by an adult would constitute the crime of gang assault in the second degree (Penal Law § 120.06), as an accomplice (§ 20.00), is supported by legally sufficient evidence on the issues of identification and serious physical injury. The victim testified that he was attacked initially by an individual other than respondent, and other people joined in the attack. With respect to the issue of identification, an eyewitness testified that respondent was one of the individuals who encircled the victim and engaged in the attack on him. With respect to the issue of serious physical injury, the victim testified that his vision was impaired as a result of the attack, and the court admitted in evidence the victim's certified hospital record, which indicated that the victim sustained a collapsed lung and fractures of the ribs and left orbital. We therefore conclude that ample evidence establishes that respondent was one of the attackers (*see People v Chardon*, 83 AD3d 954, 956, *lv denied* 18 NY3d 857), and that the victim sustained a serious physical injury (*see Matter of Timothy S.*, 1 AD3d 908, 909). Contrary to respondent's further contention, the court's rejection of his admission of guilt to one of the counts of the petition was not an abuse of discretion. Respondent failed to admit "the act . . . to which he [was] entering an admission" (Family Ct Act § 321.3 [1]; *see*

*generally Matter of Tiffany MM.*, 298 AD2d 728, 729).

Entered: March 22, 2013

Frances E. Cafarell
Clerk of the Court