People v Metales (2019 NY Slip Op 03243)





People v Metales


2019 NY Slip Op 03243


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1430 KA 16-00439

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES B. METALES, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered July 22, 2015. The judgment convicted defendant, upon a jury verdict, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law
§ 120.05 [3]). The charge arose from allegations that he caused physical injury to a police officer with the intent of preventing the officer from performing a lawful duty.
At trial, the officer testified that he was investigating a report of shots fired in the City of Rochester when he encountered defendant, who was walking near a bank where the officer was attempting to secure surveillance video. The officer testified that, for no apparent reason, defendant repeatedly called him a "bitch" and told him to get out of the neighborhood. Displaying his badge and gun, the officer explained that he was conducting an investigation and asked defendant to leave the area. According to the officer, defendant continued his verbal tirade against him, saying, "Bitch, I don't care if you are the police . . . You need to get the f . . . out of my hood."
When the officer shined a flashlight on defendant to see if he was armed, defendant, with a clenched fist, approached the officer, who turned to walk away. Defendant nevertheless followed the officer closely and allegedly said, "Bitch, I'll kill you." The officer testified that he then turned and punched defendant as a preemptive defensive maneuver. A fight ensued, with defendant and the officer exchanging blows and wrestling for position. The officer eventually subdued defendant and pinned him to the ground. According to the officer, defendant repeatedly reached for the officer's holstered gun during the struggle, as if defendant intended to use it against him. Other officers soon arrived and placed defendant in handcuffs. The officer testified that he sustained various injuries during the fight, including an aggravation of a preexisting left wrist injury, which continued to cause him pain at the time of trial. The entire encounter was captured on a surveillance video and played at trial for the jury.
Defendant contends that the evidence is legally insufficient to establish that the officer was performing a lawful duty when the officer "instigated" the physical confrontation. That contention is not preserved for our review (see People v Townsley, 50 AD3d 1610, 1611 [4th Dept 2008], lv denied 11 NY3d 742 [2008]; see generally CPL 470.05 [2]). In any event, the trial testimony and surveillance video establish that it was defendant, not the officer, who initiated the confrontation, and we conclude that there is legally sufficient evidence to demonstrate that the officer was performing a lawful duty at the time, i.e., he was investigating a report of shots fired (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, the evidence is legally sufficient to establish that defendant intended to prevent the officer from performing a lawful duty. The evidence establishes that, after being informed by the officer that he was conducting an investigation, defendant continued to swear at the officer and told him to leave the neighborhood. While the officer was walking away, defendant approached him from behind and threatened to kill him. A defendant's intent "may be inferred from [his] conduct as well as the surrounding circumstances" (People v Steinberg, 79 NY2d 673, 682 [1992]), and "[a] jury is entitled to infer that a defendant intended the natural and probable consequences of his acts" (People v Bueno, 18 NY3d 160, 169 [2011]). "Competing inferences to be drawn [regarding a defendant's intent], if not unreasonable, are within the exclusive domain of the finders of fact, not to be disturbed" by us (People v Barnes, 50 NY2d 375, 381 [1980]). Here, we conclude that it may reasonably be inferred from defendant's obstreperous conduct that he intended to prevent the officer from conducting his investigation (see People v Torres, 130 AD3d 1082, 1085 [2d Dept 2015], lv denied 26 NY3d 1093 [2015]; People v Rayford, 16 AD3d 1102, 1102 [4th Dept 2005], lv denied 5 NY3d 768 [2005]).
We similarly reject defendant's contention that the evidence is legally insufficient to establish that the officer sustained a physical injury within the meaning of Penal Law § 10.00 (9). Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences to support the jury's finding that the officer sustained a physical injury (see People v Chiddick, 8 NY3d 445, 447 [2007]; People v West, 129 AD3d 1629, 1631 [4th Dept 2015], lv denied 26 NY3d 972 [2015]; see generally Bleakley, 69 NY2d at 495).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see People v Kalinowski, 118 AD3d 1434, 1436 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]).
We have reviewed defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court