People v Howard (2022 NY Slip Op 06333)

People v Howard

2022 NY Slip Op 06333

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.

626 KA 17-00492

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RANDY T. HOWARD, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered December 7, 2016. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that the written waiver of the right to appeal is invalid because it contained overbroad advisements suggesting that it was "an absolute bar to the taking of a direct appeal" (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), and that the oral waiver of the right to appeal did not cure the deficiencies in the written waiver. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of any of defendant's contentions, we nevertheless affirm the judgment.
Defendant contends that Supreme Court erred in refusing to suppress evidence obtained as a result of an allegedly unlawful arrest without conducting a hearing with respect to the legality of that arrest. A court is required to grant a suppression hearing "if the defendant 'raise[s] a factual dispute on a material point which must be resolved before the court can decide the legal issue' of whether evidence was obtained in a constitutionally permissible manner" (People v Burton, 6 NY3d 584, 587 [2006]; see People v Mendoza, 82 NY2d 415, 426 [1993]). The "factual sufficiency should be determined with reference to the face of the pleadings, the context of the motion and defendant's access to information" (Mendoza, 82 NY2d at 422; see People v Battle, 109 AD3d 1155, 1157 [4th Dept 2013], lv denied 22 NY3d 1038 [2013]).
We reject defendant's contention that a hearing was warranted based on an alleged violation of CPL 140.15 (2). CPL 140.15 (2) provides that, when arresting a person without a warrant, "[t]he arresting police officer must inform such person of his [or her] authority and purpose and of the reason for such arrest unless he [or she] encounters physical resistence, flight or other factors rendering such procedure impractical." Any violation of CPL 140.15 (2) is "a statutory, as opposed to a constitutional, violation" and "does not itself trigger suppression" (People v Henry, 185 AD2d 1, 3 n [1st Dept 1992], lv denied 81 NY2d 887 [1993]) or render the arrest unlawful (see People v Battest, 168 AD2d 958, 959 [4th Dept 1990], lv denied 77 NY2d 958 [1991]; see also People v Hampton, 44 AD3d 1071, 1072 [2d Dept 2007], lv denied 10 NY3d 840 [2008]).
We further reject defendant's contention that a hearing was warranted based on his allegation that he was arrested without probable cause. It is well settled that a police officer may arrest a person without a warrant when he or she has probable cause to believe that such person has committed a crime (see People v Johnson, 66 NY2d 398, 402 [1985]). The search warrant [*2]application used to secure a search warrant for the premises in which defendant was arrested was before the court, and that application "was sufficient to establish probable cause to believe that defendant had committed [a crime]" (People v Carlton, 26 AD3d 738, 739 [4th Dept 2006]; see People v Snagg, 35 AD3d 1287, 1288 [4th Dept 2006], lv denied 8 NY3d 950 [2007]; see generally People v Parker, 160 AD3d 989, 990 [2d Dept 2018]). In support of his motion, defendant "failed to raise factual issues sufficient to require a hearing" (People v Caldwell, 78 AD3d 1562, 1563 [4th Dept 2010], lv denied 16 NY3d 796 [2011]; see Mendoza, 82 NY2d at 426).
Defendant further contends that the court erred in denying defense counsel's request for an adjournment of sentencing in order to, inter alia, submit a motion on defendant's behalf. It is well settled that the determination whether to grant an adjournment of sentencing rests within the sound discretion of the court and should not be disturbed unless there is a clear abuse of that discretion (see People v Hernandez, 192 AD3d 1528, 1532 [4th Dept 2021], lv denied 37 NY3d 957 [2021]; see generally People v Spears, 24 NY3d 1057, 1059-1060 [2014]). Defense counsel sought an adjournment to review the plea minutes and prepare a motion to withdraw the plea, and to investigate possible newly discovered evidence. The court noted that the plea was entered knowingly and voluntarily and advised defendant that it would entertain any postconviction motion based on newly discovered evidence. Under the circumstances, we conclude that the court did not abuse its discretion in denying the request for an adjournment (see People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]; People v Ippolito, 242 AD2d 880, 880-881 [4th Dept 1997], lv denied 91 NY2d 874 [1997]; see also People v Rivera, 34 AD3d 240, 240-241 [1st Dept 2006], lv denied 8 NY3d 926 [2007]; People v Vucetovic, 258 AD2d 335, 335 [1st Dept 1999], lv denied 93 NY2d 930 [1999]).
We have considered defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court