People v Davis (2025 NY Slip Op 01526)

People v Davis

2025 NY Slip Op 01526

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, DELCONTE, AND HANNAH, JJ.

776 KA 22-00040

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEMETRIUS DAVIS, JR., DEFENDANT-APPELLANT. 

MICHAEL JOS. WITMER, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Sam L. Valleriani, J.), rendered October 16, 2020. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment, convicting him, upon his plea of guilty, of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, former 130.50 [1]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of any of his contentions on this appeal, we nevertheless affirm the judgment (see People v Williams, 225 AD3d 1130, 1130 [4th Dept 2024], lv denied 42 NY3d 973 [2024]; see also People v Howard, 210 AD3d 1383, 1383 [4th Dept 2022], lv denied 39 NY3d 1111 [2023]).
Defendant contends that County Court erred in denying his motion to withdraw his plea inasmuch as it was not knowingly, voluntarily, and intelligently entered due to the People's failure to comply with the CPL article 245 disclosure requirements. We reject that contention. "[P]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (People v Dale, 142 AD3d 1287, 1289 [4th Dept 2016], lv denied 28 NY3d 1144 [2017] [internal quotation marks omitted]; see People v Davis, 129 AD3d 1613, 1614 [4th Dept 2015], lv denied 26 NY3d 966 [2015]). CPL 245.25 (2) provides that, at least seven days before any plea offer is set to expire, the People must disclose "all items and information that would be discoverable prior to trial." Where, as here, the defendant makes a motion based on the People's violation of that provision, "the court must consider the impact of any violation on the defendant's decision to accept or reject a plea offer" (id.). Here, defendant failed to establish that the People's purported discovery violation "had any impact on his decision to accept the plea offer" (People v Hewitt, 201 AD3d 1041, 1044 [3d Dept 2022], lv denied 38 NY3d 928 [2022]; see generally CPL 245.25 [2]), and he has not shown that there was any " 'evidence of innocence, fraud, or mistake in inducing' " his guilty plea (People v Fox, 204 AD3d 1452, 1453 [4th Dept 2022], lv denied 39 NY3d 940 [2022]).
Finally, we have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court