People v Collier (2025 NY Slip Op 02708)

People v Collier

2025 NY Slip Op 02708

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND HANNAH, JJ.

404 KA 22-00337

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM B. COLLIER, III, DEFENDANT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered December 7, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree and unlawful fleeing a police officer in a motor vehicle in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and unlawful fleeing a police officer in a motor vehicle in the third degree (§ 270.25), defendant contends that County Court erred in refusing to suppress physical evidence obtained as a result of a warrantless search without conducting a hearing with respect to the legality of the arrest and search. We reject that contention.
"A court is required to grant a suppression hearing if the defendant raise[s] a factual dispute on a material point which must be resolved before the court can decide the legal issue of whether evidence was obtained in a constitutionally permissible manner" (People v Howard, 210 AD3d 1383, 1383 [4th Dept 2022], lv denied 39 NY3d 1111 [2023] [internal quotation marks omitted]; see People v White, 192 AD3d 1539, 1539 [4th Dept 2021]). However, a motion to suppress may be summarily denied if the defendant does not allege a proper "legal basis" for suppression or if "[t]he sworn allegations of fact do not as a matter of law support the ground alleged" (CPL 710.60 [3] [a], [b]; see People v Mendoza, 82 NY2d 415, 421 [1993]; People v Davis, 142 AD3d 1387, 1387 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]). "Hearings are not automatic or generally available for the asking by boilerplate allegations. Rather, . . . factual sufficiency [is to] be determined with reference to the face of the pleadings, the context of the motion and defendant's access to information" (Mendoza, 82 NY2d at 422; see Howard, 210 AD3d at 1383). Here, the court did not abuse its discretion in denying, without an evidentiary hearing, that part of defendant's omnibus motion seeking to suppress the physical evidence recovered upon the search of the vehicle, because the allegations in the motion papers were insufficient to warrant a hearing (see People v Ibarguen, 37 NY3d 1107, 1108 [2021], cert denied — US &mdash, 142 S Ct 2650 [2022]). In particular, the attorney affirmation submitted in support of the motion alleged no factual disputes and instead relied on boilerplate legal conclusions (see Mendoza, 82 NY2d at 426; Davis, 142 AD3d at 1388). Defendant did not specifically controvert the basis of his stop and arrest as articulated in the indictment and by the People at his arraignment (see generally People v Sanford, 48 AD3d 221, 221 [1st Dept 2008], lv denied 10 NY3d 869 [2008]; People v McDowell, 30 AD3d 160, 160 [1st Dept 2006], lv denied 7 NY3d 850 [2006]).
Defendant's further contention that the second felony offender statement proffered by the People and entered into the record did not substantially comply with CPL 400.21 (2) is [*2]unpreserved for our review. Here, inasmuch as defendant challenges the procedures employed under CPL 400.21 and not whether he qualifies as a predicate offender, his contention is not preserved for our review, due to his failure to object at sentencing to any alleged error with respect to the procedure by which he was adjudicated a second felony offender (see People v Pellegrino, 60 NY2d 636, 637 [1983]; People v Quinones, 162 AD3d 1402, 1402-1403 [3d Dept 2018]; People v Perez, 85 AD3d 1538, 1541 [4th Dept 2011]). In any event, we conclude that defendant, "by admitting in open court that he had been convicted of a prior felony offense in New York within the past 10 years, . . . waived strict compliance with CPL 400.21" (People v Guillory, 98 AD3d 835, 836 [4th Dept 2012], lv denied 20 NY3d 932 [2012]; see Perez, 85 AD3d at 1541; People v Vega, 49 AD3d 1185, 1186 [4th Dept 2008], lv denied 10 NY3d 965 [2008]).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court