Matter of Bell v Martuscello (2025 NY Slip Op 51291(U))

[*1]

Matter of Bell v Martuscello

2025 NY Slip Op 51291(U)

Decided on August 15, 2025

Supreme Court, Albany County

Farrell, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 15, 2025
Supreme Court, Albany County

In the Matter of the Application of Amar Bell, Petitioner, For a Judgment Pursuant to Article 78 Of the Civil Practice Law and Rules

against
Daniel F. Martuscello III, Commissioner, New York State Department of Corrections and Community Supervision, Respondent.

Index No. 901776-25

Petitioner: Sara J. Jensen, Esq.
Respondent: Officer of the Attorney General, Lela M. Gray

James R. Farrell, J.

The following papers numbered 1 to 9 were read on this Article 78 petition:
PAPERS NUMBERED
Notice of Petition, Petition with Exhibits 1-6, Memorandum of Law 1-3
Answer in Special Proceeding with Exhibits A-I, Affirmation of Anthony Rodriguez; Affirmation of Dr. Afsar Ali Khan 4-6
Memorandum of Law in Reply 7
Petitioner's Letter Brief dated May 20, 2025 8
Respondent's Letter Brief dated May 20, 2025 9
Petitioner, Amar Bell, commenced this CPLR Article 78 proceeding seeking a judgment annulling that portion of a determination rendered on August 26, 2024, after a Tier III disciplinary hearing, which imposed a sanction of 365 days of disciplinary confinement.
Background and Procedural History
Petitioner, an incarcerated individual, is currently confined in the Residential Mental Health Unit (RMHU) at Marcy Correctional Facility. On August 14, 2024, a misbehavior report was issued charging petitioner with a violation of the Standards of Inmate Behavior; to wit: 7 [*2]NYCRR 270.2, Rule 100.11 — Assault on Staff; Rule 107.10 Inference; Rule 102.10 — Threats; Rule 118.22 Unhygienic Act; Rule 104.11 Violent Conduct; and Rule 104.13 — Create Disturbance. The misbehavior report was issued after petitioner threw a brown liquid substance smelling of feces and urine at an Office of Mental Hygiene ("OMH") employee. The substance struck the OMH employee in the entire front of his face, eyes, torso, and legs. A search of petitioner's cell located a state issued cup on the floor smelling of feces and urine. A hearing was held on August 20, 2024, at which petitioner pleaded guilty to violating Rule 118.22 Unhygienic Act and pleaded not guilty to the remaining charges. The Hearing Officer issued a determination on August 26, 2024, finding petitioner guilty of all charges except for violation of Rule 102.10 — Threats. A sanction of 365 days disciplinary confinement; loss of packages; loss commissary and loss of static tablet was imposed. Petitioner's appeal was denied, and the determination was upheld.
Thereafter, petitioner commenced this Article 78 proceeding challenging the determination and sanction imposed as violative of the HALT Act and the SHU Exclusion Law. Respondent appeared and opposed the relief requested. On May 8, 2025, the Appellate Division, Third Department issued an opinion and order in Matter of Walker v Commissioner, New York State Department of Corrections and Community Supervision, 2025 NY Slip Op 02834 (3d Dept 2025) that addressed certain issues similarly raised in this case. Thereafter, this Court directed the parties to submit a letter brief outlining the issues that remained to be determined given the Appellate Division's decision. The parties each submitted letter briefs as directed. The matter is now fully submitted.
Legal Analysis and Discussion
In Walker, supra, an incarcerated individual with a serious mental illness sought to annul disciplinary sanctions resulting in his confinement to a residential mental health unit ("RMHU") as violative of both the HALT Act and SHU Exclusion Law. The supreme court dismissed the incarcerated individual's petitions on the basis that DOCCS had not violated the HALT Act or since an RMHU is not considered segregated confinement or a residential rehabilitation unit. The Third Department held that because the petitioner remained in an RMHU at all times, where he received at least seven hours of out-of-cell time, he was not in segregated confinement and therefore, DOCCS had not violated Correction Law §137(6)(k)(ii); i.e., the HALT Act. However, the Third Department found that because the petitioner was sanctioned in writing with segregated confinement in the RMHU but was not found, in a written determination, to have committed an act pursuant to Correction Law §137(6)(k)(ii), the disciplinary sanction violated the SHU Exclusion Law, and the disciplinary sanction imposed had to be annulled.
Here, it is undisputed that Petitioner remained in the RMHU at all relevant times, and that he received structured therapeutic programming and out-of-cell recreation for at least seven hours per day. Thus, the parties concede that, given the determination in Walker, petitioner's first claim for relief, seeking to annul the determination as violative of the HALT Act must be denied.
However, petitioner contends that the disciplinary sanction imposed violated the SHU Exclusion Law because the hearing officer's determination that petitioner committed or attempted to commit a "serious physical injury" under Correction Law §1376)(k)(ii) is arbitrary and capricious. In response, respondent argues that the hearing officer made a written determination in compliance with Correction Law §401 finding that petitioner had committed a qualifying act, and the hearing officer's determination was neither arbitrary or capricious.
As recently explained by the Court of Appeals in Matter of Brookdale Physicians v. [*3]Dept. of Finance, City of New York, 41 NY3d 608 (2024),
[i]n reviewing an administrative agency determination, courts must ascertain whether there is a rational basis for the action in question or whether is it arbitrary and capricious ... Arbitrary action is without sound basis in reason and is generally taken without regard to the facts ... If the reviewing court finds that the determination is supported by a rational basis, then it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" [internal quotations, citations and punctuation omitted]).
When reviewing the DOCCS's actions pursuant to CPLR article 78, the inquiry is limited to whether the determinationa was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Kent v Leftkowitz, 27 NY3d 499, 505 [2016]).
Correction Law §137(6)(k)(ii)(A) states
The department may place a person in segregated confinement beyond the limits of subparagraph (i) of this paragraph or in a residential rehabilitation unit only if, pursuant to an evidentiary hearing, it determines by written decision that the person committed one of the following acts and if the commissioner or his or her designee determines in writing based on specific objective criteria the acts were so heinous or destructive that placement of the individual in general population housing creates a significant risk of imminent serious physical injury to staff or other incarcerated persons, and creates an unreasonable risk to the security of the facility:
(A) causing or attempting to cause serious physical injury or death to another person or making an imminent threat of such serious physical injury or death if the person has a history of causing such physical injury or death and the commissioner and, when appropriate, the commissioner of mental health or their designees reasonably determine that there is a strong likelihood that the person will carry out such threat. The commissioner of mental health or his or her designee shall be involved in such determination if the person is or has been on the mental health caseload or appears to require psychiatric attention. The department and the office of mental health shall promulgate rules and regulations pertaining to this clause.
Unlike Walker, here, petitioner was found to have committed an action pursuant to Correction Law §137(6)(k)(ii) in a written determination. Petitioner was found to have attempted to commit serious physical injury, when he threw feces and urine into the face of an OMH employee. The Correction Law does not define "serious physical injury," and notably, the Legislature did not indicate that "serious physical injury" was to be defined as set forth in Penal Law §100(10). Petitioner argues that "serious physical injury" should be defined as set forth in Penal Law §100(10), which states "'[s]erious physical injury' means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." Petitioner then argues that having feces and urine thrown in one's face does not constitute a serious physical injury.
Assuming, without deciding, that the Legislature intended "serious physical injury" as stated in Correctional Law §137(6)(k)(ii) to be defined as set forth in Penal Law §100(10), the [*4]hearing officer's determination that petitioner attempted to cause a serious physical injury was not arbitrary or capricious, nor affected by an error of law. In reaching his determination, the hearing officer stated, "this action [throwing feces and urine in the face of staff] is an attempt to seriously injure staff as bodily fluids cannot only be a vector for communicable diseases but they have the potential to carry contagions that are likely to cause infection and lifelong health consequences." Courts have routinely found that protracted impairment of one's eye sight constitutes a "serious physical injury" under the Penal Law (see People v Ingram, 95 AD3d 1376, 1378 [3d 2012] [affirming conviction of assault in the second degree where victim required eye surgery, could not see without thick eyeglasses, and suffered glaucoma as a result assault which could lead to blindness]; People v Rumaner, 45 AD2d 290, 292 [3d Dept 1974] [affirming conviction of assault in the second degree where assault resulted in protracted impairment of function of victim's left eye constituted serious physical injury]; People v Hirschhorn, 231 AD2d 591 [affirming conviction of assault in the first degree where victim suffered some loss of vision in right eye for nine months]; In re Timothy S., 1 AD3d 908, 909 [4th Dept 2003] [affirming conviction of gang assault in the second degree where victim's eye was swollen shut, could not be moved from side to side for a week, and eyesight remained impaired 41 days after the attack]).
Here, petitioner threw feces and urine in a staff member's face, striking him in his eyes; this could be reasonably viewed as an attempt to cause serious physical injury as damage to the staff member's eyesight from a communicable disease or infection with serious consequences could result. That, ultimately, the staff member did not suffer an injury to their eyesight is irrelevant, as petitioner was found to have attempted to cause serious physical injury by the action of throwing feces and urine in the staff member's face and eyes. Moreover, the hearing officer found that petitioner had a history of aggressive and violent behavior, with this incident being the eleventh violent conduct, third assault on staff, and second unhygienic act in the last five years. In addition, the hearing officer considered petitioner's testimony that his actions were not intentional, but as the result of his mental health being "triggered;" however, the hearing officer found that petitioner's actions were deliberate. In addition, the hearing officer's determination that petitioner's conduct was "so heinous or destructive that placement of the individual in general population housing creates a significant risk of imminent serious physical injury to staff or other incarcerated persons" was reasonable, logical and rational. In enacting Penal Law §240.32, which makes petitioner's conduct a class E felony, the Legislature recognized that such behavior is "vile and degrading" and that "the possibility for the transmission of diseases makes this conduct potentially a health risk" (Legislative Memorandum for L.1996, c. 92). Accordingly, the hearing officer's determination has a rational basis.
The Court has considered the parties' remaining arguments and to the extent not specifically addressed, finds them to be without merit.
Based upon the foregoing, it is hereby
ORDERED that the petition is dismissed.
The foregoing constitutes the Decision and Order of the Court.
Dated: August 15, 2025
Monticello, NY
ENTER:
HON. JAMES R. FARRELL, A.J.S.C.